**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____    Chapter  **11**

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    4/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | **Lucky's Market Parent Company, LLC** | |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **46-5472055** | |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **6328 Monarch Park Place Suite 100 Niwot, CO 80503** Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Boulder** County | **Location of principal assets, if different from principal place of business** Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL)    **https://www.luckysmarket.com/**

6. **Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor  **Lucky's Market Parent Company, LLC**
_____

Case number (*if known*) _____

Name

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**4511**

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply:*

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| | District _____ | When _____ | Case number _____ |
| | District _____ | When _____ | Case number _____ |

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☐ No

■ Yes.

Debtor  **See Schedule 1** _____     Relationship _____

District _____   When _____   Case number, if known _____

Debtor   **Lucky's Market Parent Company, LLC**                    Case number (*if known*) _____
         Name

**11. Why is the case filed in this district?**   *Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                           Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No
☐ Yes.   Insurance agency _____
          Contact name _____
          Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**   *Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ■ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ■ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ■ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor    **Lucky's Market Parent Company, LLC**                                              Case number (*if known*) _____
          Name

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **January 27, 2020**
               MM / DD / YYYY

**X** **/s/ Andrew T. Pillari** _____          **Andrew T. Pillari** _____
      Signature of authorized representative of debtor        Printed name

Title    **Chief Financial Officer** _____

**18. Signature of attorney**

**X** **/s/ Christopher A. Ward** _____    Date    **January 27, 2020**
      Signature of attorney for debtor                            MM / DD / YYYY

**Christopher A. Ward** _____
Printed name

**Polsinelli PC** _____
Firm name

**222 Delaware Avenue**
**Suite 1101**
**Wilmington, DE 19801** _____
Number, Street, City, State & ZIP Code

Contact phone    **(302) 252-0920** _____    Email address    **cward@polsinelli.com** _____

**3877 DE** _____
Bar number and State

## SCHEDULE 1

**Bankruptcy Cases Pending Or Being Filed By An Affiliate Of The Debtor**

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case (collectively, the "**Debtors**"), filed a petition[1] with this Court for relief under chapter 11 of the Bankruptcy Code.  Contemporaneously with the filing of their petitions, the Debtors filed a motion requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

| Company | Date Filed | District |
|---|---|---|
| Lucky's Market Parent Company, LLC | 1/27/2020 | Delaware |
| Lucky's Market Operating Company, LLC | 1/27/2020 | Delaware |
| Lucky's Farmers Market Holding Company, LLC | 1/27/2020 | Delaware |
| LFM Stores LLC | 1/27/2020 | Delaware |
| Lucky's Farmers Market, LP | 1/27/2020 | Delaware |
| Lucky's Farmers Market Resource Center, LLC | 1/27/2020 | Delaware |
| Lucky's Market Holding Company 2, LLC | 1/27/2020 | Delaware |
| Lucky's Market GP 2, LP | 1/27/2020 | Delaware |
| Lucky's Market 2, LP | 1/27/2020 | Delaware |
| Sinoc, Inc. | 1/27/2020 | Delaware |
| Lucky's Market of Longmont, LLC | 1/27/2020 | Delaware |
| Lucky's Farmers Market of Billings, LLC | 1/27/2020 | Delaware |
| Lucky's Farmers Market of Columbus, LLC | 1/27/2020 | Delaware |
| Lucky's Farmers Market of Rock Hill, LLC | 1/27/2020 | Delaware |
| LFM Jackson, LLC | 1/27/2020 | Delaware |
| Lucky's Farmers Market of Ann Arbor, LLC | 1/27/2020 | Delaware |
| Lucky's Market of Gainesville, LLC | 1/27/2020 | Delaware |
| Lucky's Market of Bloomington, LLC | 1/27/2020 | Delaware |
| Lucky's Market of Plantation, LLC | 1/27/2020 | Delaware |
| Lucky's Market of Savannah, GA, LLC | 1/27/2020 | Delaware |
| Lucky's Market of Traverse City, LLC | 1/27/2020 | Delaware |
| Lucky's Market of Naples, FL, LLC | 1/27/2020 | Delaware |

---

[1] All asset, liability, and creditor information on each petition was reported on a consolidated basis.

| Debtor name | Lucky's Market Parent Company, LLC |
|---|---|

**UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE**

Case No. (If known) _____

Official Form 204

## Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person who is an  *insider,* as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1   UNFI<br>Attn: Chris Testa<br>313 Iron Horse Way<br>Providence, RI 02908 | Chris Testa<br>Tel: 401-528-8634<br>Email: ctesta@unfi.com | Trade Payable | | | | $13,262,786.99 |
| 2   BBIF Subsidiary Cde 3, LLC<br>c/o Black Business Investment Fund, Inc<br>Attn: Inez Long<br>301 E Pine St, Ste 175<br>Orlando, FL 32801 | Inez Long<br>Tel: 407-649-4780<br>Fax: 407-649-8688 | Prepetition New Markets Tax Credits Loan | | | | $5,944,290.00 |
| 3   Sherwood Food Distributors<br>Attn: Scott Fournier<br>12499 Evergreen Rd<br>Detroit, MI 48228-1059 | Scott Fournier<br>Tel: 313-659-7300<br>Fax: 313-659-7717<br>Email: sfournier@sherwoodfoods.com | Trade Payable | | | | $2,124,640.91 |
| 4   Snyder Construction Inc<br>Attn: Justin P Snyder<br>2766 11 Mile Rd, Ste 1<br>Berkley, MI 48072 | Justin P Synder<br>Tel: 248-765-3840<br>Email: justin@snyder-gc.com | Trade Payable | | | | $1,958,847.73 |
| 5   Caito Foods Service<br>Attn: Dave Cochran<br>3120 N Post Rd<br>Indianapolis, IN 46226 | Dave Cochran<br>Tel: 317-897-2009<br>Email: dcochran@caitofoods.com | Trade Payable | | | | $1,687,312.09 |

Debtor name    Lucky's Market Parent Company, LLC                                    Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6   BlueSoho c/o Quad/Graphics, Inc Attn: Dave Honan N61 W23044 Harrys Way Sussex, WI 53089 | Dave Honan Tel: 414-566-6000 Email: david.honan@qg.com | Trade Payable | | | | $1,399,704.98 |
| 7   Gourmet Foods International Attn: Brian Scott 255 Ted Turner Dr SW Atlanta, GA 30303 | Brian Scott Tel: 404-229-1310 Email: bscott@atlantafoods.com | Trade Payable | | | | $962,310.62 |
| 8   J Raymond Construction Corp Attn: Tom Borgia 465 W Warren Ave Longwood, FL 32750 | Tom Borgia Tel: 407-862-6966 Email: tborgia@jray.com | Trade Payable | | | | $900,649.80 |
| 9   Bunzl Holdings, Inc. Attn: Jim Mccool 1 Cityplace Dr, Ste 200 St. Louis, MO 63141 | Jim Mccool Tel: 314-997-5959 Fax: 314-997-1405 Email: jim.mccool@bunzlusa.com | Trade Payable | | | | $870,095.63 |
| 10   Schmid Construction Attn: John Schmid 1655 Fl-50 Clermont, FL 34711 | John Schmid Tel: 352-243-8220 Email: john@schmidconstruction.com | Trade Payable | | | | $710,750.59 |
| 11   JDA Software Inc Attn: Girish Rishi 15059 North Scottsdale, Ste 400 Scottsdale, AZ 85254 | Girish Rishi Tel: 301-670-7100 Email: girish.rishi@motorola.com | Trade Payable | | | | $653,337.65 |
| 12   Harvest Meat Company Inc Attn: Jay Leavy 1022 Bay Marina Dr, Ste 106 National City, CA 91950 | Jay Leavy Tel: 619-477-0185 Email: jay@harvestmeat.com | Trade Payable | | | | $504,746.26 |

Debtor name    Lucky's Market Parent Company, LLC

Case No. (If known) _____

**(Continuation Sheet)**

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 13 Creighton Construction Management<br>Attn: M Dan Creighton<br>900 Sw Pine Island Rd, Ste 202<br>Cape Coral, FL 33991 | M Dan Creighton<br>Tel: 239-210-0455<br>Fax: 239-673-7328 | Trade Payable | | | | $452,831.35 |
| 14 Crosset Company LLC<br>Attn: Greg Kurkjian<br>10295 Toebben Dr<br>Independence, KY 41051 | Greg Kurkjian<br>Tel: 859-347-4902<br>Fax: 859-817-7634<br>Email: greg.kurkjian@ifco.com | Trade Payable | | | | $451,291.31 |
| 15 5 Star Refrigeration & Air Conditioning Inc<br>Attn: Joseph E Matthews<br>23091 Cortez Blvd<br>Brooksville, FL 34601 | Joseph E Matthews<br>Tel: 352-345-4813<br>Email: joe.matthews@5-starrefrigeration.com | Trade Payable | | | | $405,915.47 |
| 16 Nikko Enterprise Corporation<br>Attn: Sarah Myint<br>13168 Sandoval St<br>Sante Fe Springs, CA 90670 | Sarah Myint<br>Tel: 562-941-6080<br>Fax: 562-941-6067 | Trade Payable | | | | $380,193.16 |
| 17 Glades 95Th LLC<br>c/o Schmier Property Group, Inc<br>Attn: Brian Schmier<br>2200 Butts Rd, Ste 300<br>Boca Raton, FL 33431 | Brian Schmier<br>Tel: 561-488-5100<br>Email: brian@schmierpropertygroup.com | Landlord | Unliquidated | | | $332,456.92 |
| 18 Hussmann Corporation<br>Attn: Cathey Haigh<br>12999 Saint Charles Rock Rd<br>Bridgeton, MO 63044 | Cathey Haigh<br>Tel: 314-298-4756<br>Email: cathey.haigh@hussmann.com | Trade Payable | | | | $306,618.75 |

Debtor name    Lucky's Market Parent Company, LLC

Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19  Global Axiom, Inc. Attn: Tim Yost 295 Lafayette St, Ste 700 New York, NY 10012 | Tim Yost Tel: 917-237-2900 Email: tim.yost@axiomlaw.com | Trade Payable | | | | $295,837.90 |
| 20  Hawkins Construction Attn: John Mccaugherty 1430 L And R Industrial Blvd Tarpon Springs, FL 34689 | John Mccaugherty Tel: 727-938-9719 Fax: 727-938-3208 Email: jmccaugherty@hawkinsnet.com | Trade Payable | | | | $294,910.89 |
| 21  KPS Global LLC Attn: Mike Eakins 4201 N Beach St Fort Worth, TX 76137 | Mike Eakins Tel: 770-679-0986 Email: mike.eakins@kpsglobal.com | Trade Payable | | | | $291,730.85 |
| 22  Neelands Usa Ltd Attn: Noel Neelands 1775 Executive Rd, S Winter Haven, FL 33884 | Noel Neelands Tel: 863-875-6534 Email: noel@neelands.com | Trade Payable | | | | $279,968.59 |
| 23  Cardlytics Inc Attn: Scott Grimes 675 Ponce De Leon Ave NE, Ste 6000 Atlanta, GA 30308 | Scott Grimes Tel: 218-665-7690 Email: sgrimes@cardlytics.com | Trade Payable | | | | $278,368.15 |
| 24  Captiveaire Systems Inc Attn: Bob Luddy 4641 Paragon Park Rd Raleigh, NC 27616 | Bob Luddy Tel: 919-882-2410 Email: bob.luddy@captiveaire.com | Trade Payable | | | | $273,327.21 |
| 25  Charlies Produce Attn: Dwayne Wilson 4103 2nd Ave S Seattle, WA 98134 | Dwayne Wilson Tel: 206-625-1412 Email: dwaynewilson@charliesproduce.com | Trade Payable | | | | $257,366.54 |

Debtor name   Lucky's Market Parent Company, LLC                        Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 26 Seasons-4 Inc Attn: Lee Churchill 4500 Industrial Access Rd Douglasville, GA 30134 | Lee Churchill Tel: 770-489-0716 Email: lchurchill@seasons4.net | Trade Payable | | | | $247,622.10 |
| 27 Halperns Steak & Garys Seafood Attn: Ray Hicks 4685 Welcome All Rd Atlanta, GA 30349 | Ray Hicks Tel: 404-767-9229 Fax: 404-767-2611 | Trade Payable | | | | $242,766.97 |
| 28 Truno Retail Technology Solutions Attn: Brad Ralston 13912 Fm 1730 Lubbock, TX 79424 | Brad Ralston Tel: 806-792-2885 Fax: 806-792-0710 Email: bralston@truno.com | Trade Payable | | | | $229,121.73 |
| 29 Dania Live 1748, LLC c/o Kimco Realty Corporation Attn: Gary Bazydlo 500 N Broadway, Ste 201 P.O. Box 9010 Jericho, NY 11753 | Gary Bazydlo Tel: 718-987-0717 Email: gbazydlo@kimcorealty.com | Landlord | Unliquidated | | | Undetermined |
| Dania Live 1748, LLC c/o Kimco Realty Corporation Attn: Karan Osterhout 6060 Piedmont Row Dr S, Ste 200 Charlotte, NC 28287 | Karen Osterhout Tel: 704-362-6120 Email: kosterhout@kimcorealty.com | | | | | |
| 30 Pineloch Center Street LLC Attn: Heather Coons 8998 Gladin Ct Orlando, FL 32819 | Heather Coons Tel: 407-641-5409 Email: heather@bluerockcommercial.com | Landlord | Unliquidated | | | Undetermined |

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| LUCKY'S MARKET PARENT COMPANY, LLC, *et al.*,[1] | |
| | Case No. 20-[_____] |
| Debtors. | (Joint Administration Pending) |

## CORPORATE OWNERSHIP STATEMENT PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1

Pursuant to Rule 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtor in possession (collectively, the "**Debtors**") attach hereto as Exhibit A an organizational chart reflecting all of their ownership interests.  The Debtors respectfully represent as follows:

1. The Kroger Co. owns fifty-five percent (55%) of the equity interests of Lucky's Market Parent Company, LLC ("**LMPC**"). Lucky's Founders Holdings, LLC owns forty-five percent (45%) of the equity interests of LMPC. To the best of Debtors' knowledge and belief, no other person or entity directly owns 10% or more of the equity interests of LMPC.

2. LMPC owns one hundred percent (100%) of the equity interests of Sinoc, Inc.

3. LMPC owns one hundred percent (100%) of the equity interests of Lucky's Market Operating Company, LLC.

4. LMPC owns one hundred percent (100%) of the equity interests of Lucky's Farmers Market Holding Company, LLC.

5. Lucky's Farmers Market Holding Company, LLC owns one hundred percent (100%) of the equity interests of LFM Stores, LLC.

6. LFM Stores, LLC owns one hundred percent (100%) of the general partnership interests of Lucky's Farmers Market, LP.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Lucky's Market Parent Company, LLC (2055), Lucky's Farmers Market Holding Company, LLC (5480), Lucky's Market Operating Company, LLC (7064), LFM Stores LLC (3114), Lucky's Farmers Market, LP (0828), Lucky's Farmers Market Resource Center, LLC (7711), Lucky's Market Holding Company 2, LLC (0607), Lucky's Market GP 2, LLC (9335), Lucky's Market 2, LP (8384), Lucky's Market of Longmont, LLC (9789), Lucky's Farmers Market of Billings, LLC (8088), Lucky's Farmers Markets of Columbus, LLC (3379), Lucky's Farmers Market of Rock Hill, LLC (3386), LFM Jackson, LLC (8300), Lucky's Farmers Market of Ann Arbor, LLC (4067), Lucky's Market of Gainesville, LLC (7877), Lucky's Market of Bloomington, LLC (3944), Lucky's Market of Plantation, LLC (4356), Lucky's Market of Savannah, GA, LLC (1097), Lucky's Market of Traverse, City, LLC (2033), Lucky's Market of Naples, FL, LLC (8700), and Sinoc, Inc. (0723).

7.     Lucky's Farmers Market, LP owns one hundred percent (100%) of the equity interests of Lucky's Farmers Market Resource Center, LLC.

8.     Lucky's Farmers Market, LP owns one hundred percent (100%) of the equity interests of Lucky's Market of Longmont, LLC.

9.     Lucky's Farmers Market, LP owns one hundred percent (100%) of the equity interests of Lucky's Market of Billings, LLC.

10.    Lucky's Farmers Market, LP owns one hundred percent (100%) of the equity interests of Lucky's Market of Columbus, LLC.

11.    Lucky's Farmers Market, LP owns one hundred percent (100%) of the equity interests of Lucky's Market of Rock Hill, LLC.

12.    Lucky's Farmers Market, LP owns one hundred percent (100%) of the equity interests of LFM Jackson, LLC.

13.    LMPC owns one hundred percent (100%) of the equity interests of Lucky's Market Holding Company 2, LLC.

14.    Lucky's Market Holding Company 2, LLC owns one hundred percent (100%) of the equity interests of Lucky's Market GP 2, LLC.

15.    Lucky's Market GP 2, LLC owns one hundred percent (100%) of the general partnership interests of Lucky's Market 2, LP.

16.    Lucky's Market 2, LP owns one hundred percent (100%) of the equity interests of Lucky's Farmer's Market of Ann Arbor, LLC.

17.    Lucky's Market 2, LP owns one hundred percent (100%) of the equity interests of Lucky's Farmer's Market of Gainesville, LLC.

18.    Lucky's Market 2, LP owns one hundred percent (100%) of the equity interests of Lucky's Farmer's Market of Bloomington, LLC.

19.    Lucky's Market 2, LP owns one hundred percent (100%) of the equity interests of Lucky's Farmer's Market of Plantation, LLC.

20.    Lucky's Market 2, LP owns one hundred percent (100%) of the equity interests of Lucky's Farmer's Market of Savannah, GA, LLC.

21.    Lucky's Market 2, LP owns one hundred percent (100%) of the equity interests of Lucky's Farmer's Market of Traverse City, LLC.

22.    Lucky's Market 2, LP owns one hundred percent (100%) of the equity interests of Lucky's Farmer's Market of Naples, FL, LLC.

72115980.2

**EXHIBIT A**
Organizational Chart

*Lucky's Organization and Ownership Chart*                                                                 *05/01/2019*



72115980.2

**Fill in this information to identify the case:**

Debtor name    **Lucky's Market Parent Company, LLC**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)  _____

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☑ Other document that requires a declaration    **Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **January 27, 2020**        X **/s/ Andrew T. Pillari**
                                                          Signature of individual signing on behalf of debtor

                                                          **Andrew T. Pillari**
                                                          Printed name

                                                          **Chief Financial Officer**
                                                          Position or relationship to debtor

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

# United States Bankruptcy Court
### District of Delaware

In re    **Lucky's Market Parent Company, LLC** _____

                                                            Case No. _____

                        Debtor(s)                           Chapter    **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Lucky's Founders Holdings, LLC<br>6328 Monarch Park Place<br>Niwot, CO 80502** | **Preferred** | **45%** | **Ownership** |
| **The Kroger Co.<br>1014 Vine Street<br>Cincinnati, OH 45202** | **Preferred** | **55%** | **Ownership** |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Chief Financial Officer** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date    **January 27, 2020** _____

Signature    **/s/ Andrew T. Pillari** _____
                  **Andrew T. Pillari**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

**RESOLUTIONS ADOPTED AT A MEETING**

**OF THE BOARD OF MANAGERS**

**OF**

**LUCKY'S MARKET PARENT COMPANY, LLC**

The managers (the "<u>Managers</u>") of the Board of Managers (the "<u>Board</u>") of Lucky's Market Parent Company, LLC, a Delaware limited liability company (the "<u>Company</u>") adopted the following resolutions and duly authorized the taking of all actions contemplated hereby at a duly held meeting of the Board on January 26, 2020, in accordance with that certain Amended and Restated Limited Liability Company Agreement of the Company, dated as of April 1, 2016, as amended (the "<u>LLC Agreement</u>") and the provisions of Sections 18-302(d) and 18-404(d) of the Delaware Limited Liability Company Act.

## I.    <u>CHAPTER 11 FILING</u>

WHEREAS, the Board has considered multiple presentations by management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it and the effect of the foregoing on the Company's business; and

WHEREAS, the Board has had the opportunity to consult with the management and the financial and legal advisors of the Company and fully consider each of the strategic alternatives available to the Company.

NOW THEREFORE BE IT RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Company, that the Company shall be, and hereby is, authorized to file or cause to be filed voluntary petitions for relief for the Company and each of the Company's direct and indirect subsidiaries (each affiliate is listed on the attached Schedule 1 and collectively referred to herein as the "<u>Chapter 11 Cases</u>") under the provisions of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in a court of proper jurisdiction (the "<u>Bankruptcy Court</u>").

FURTHER RESOLVED, that the Chief Executive Officer, Chief Financial Officer, and General Counsel (collectively, the "<u>Authorized Officers</u>"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered and directed to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business.

FURTHER RESOLVED, that the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and they hereby are, authorized, empowered and directed to certify the authenticity of these resolutions.

72098306.1

## II.   **RETENTION OF PROFESSIONALS**

WHEREAS, the Company had previously engaged consultants ALVAREZ & MARSAL and POLSINELLI to assist the Company in evaluating restructuring options for the Company; and

WHERAS, the Company desires to continue the engagement with ALVAREZ & MARSAL and POLSINELLI ion connection with Chapter 11 cases.

NOW THEREFORE, BE IT RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of POLSINELLI as counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of POLSINELLI.

FURTHER RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of ALVAREZ & MARSAL as financial advisor to represent and assist the Authorized Officers and the Company in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers are, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of ALVAREZ & MARSAL.

FURTHER RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of PJ SOLOMON as investment banker to represent and assist the Authorized Officers and the Company in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers are, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of PJ SOLOMON.

FURTHER RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of OMNI AGENT SOLUTIONS as notice, claims, and balloting agent and as administrative advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of OMNI AGENT SOLUTIONS.

FURTHER RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate

2

retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

FURTHER RESOLVED, that each of the Authorized Officers be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with the Chapter 11 Cases, with a view to the successful prosecution of such cases.

## III.    GENERAL

FURTHER RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

FURTHER RESOLVED, that all members of the Board have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice.

FURTHER RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Board.

FURTHER RESOLVED, that each of the Authorized Officers (and their designees and delegates) be and hereby are authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole stockholder, manager, member, or managing member of each direct and indirect subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary or desirable in such Authorized Officers' reasonable business judgment as may be necessary or appropriate to effectuate the purposes of the transactions contemplated herein.

Schedule 1

Subsidiaries

1.  Lucky's Market Parent Company, LLC
2.  Lucky's Market Operating Company, LLC
3.  Lucky's Farmers Market Holding Company, LLC
4.  LFM Stores LLC
5.  Lucky's Farmers Market, LP
6.  Lucky's Farmers Market Resource Center, LLC
7.  Lucky's Market Holding Company 2, LLC
8.  Lucky's Market GP 2, LP
9.  Sinoc, Inc
10. Lucky's Market of Longmont, LLC
11. Lucky's Farmers Market of Billings, LLC
12. Lucky's Farmers Market of Columbus, LLC
13. Lucky's Farmers Market of Rock Hill, LLC
14. LFM Jackson, LLC
15. Lucky's Market 2, LP
16. Lucky's Farmers Market of Ann Arbor, LLC
17. Lucky's Market of Gainesville, LLC
18. Lucky's Market of Bloomington, LLC
19. Lucky's Market of Plantation, LLC
20. Lucky's Market of Savannah, GA, LLC
21. Lucky's Market of Traverse City, LLC
22. Lucky's Market of Naples, FL, LLC

**RESOLUTIONS ADOPTED AT A**
**MEETING OF THE SPECIAL COMMITTEE**

**OF**

**LUCKY'S MARKET PARENT COMPANY, LLC**

The member (the "Member") of the Special Committee of the Board of Managers (the "Board") of Lucky's Market Parent Company, LLC, a Delaware limited liability company (the "Company") adopted the following resolutions and duly authorized the taking of all actions contemplated hereby at the executive session of the duly held meeting of the Board on January 26, 2020, in accordance with that certain Amended and Restated Limited Liability Company Agreement of the Company, dated as of April 1, 2016, as amended (the "LLC Agreement") and the provisions of Sections 18-302(d) and 18-404(d) of the Delaware Limited Liability Company Act.

## I.    CASH COLLATERAL AND ADEQUATE PROTECTION

WHEREAS, the Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") section 363(a) (the "Collateral"), which is security for The Kroger Co. as the prepetition secured lender (the "Prepetition Secured Lender"); and

WHEREAS, that to use and obtain the benefits of the Collateral and in accordance with Bankruptcy Code section 363, the Company will provide certain adequate protection to the Prepetition Secured Lender (the "Adequate Protection Obligations"), as documented in a proposed interim order (the "Cash Collateral Order") and submitted for approval to the in a court of proper jurisdiction (the "Bankruptcy Court").

NOW THEREFORE BE IT RESOLVED, that that the form, terms and provisions of the Cash Collateral Order to which the Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted and approved, and each of the Chief Executive Officer, Chief Financial Officer, and General Counsel (collectively, the "Authorized Officers") of the Company be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Cash Collateral Order, and such other agreements, certificates, instruments, receipts, petitions, motions or other papers or documents to which the Company is or will be a party (collectively with the Cash Collateral Order, the "Cash Collateral Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Member, with such changes, additions, and modifications thereto as the Authorized Officers of the Company executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officers' execution and delivery thereof.

FURTHER RESOLVED, that that the Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations

(as set forth in the Cash Collateral Order) and to undertake any and all related transactions on substantially the same terms as contemplated under the Cash Collateral Documents (collectively, the "Adequate Protection Transactions").

FURTHER RESOLVED, that the Authorized Officers of the Company be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the Adequate Protection Transactions, including delivery of: (a) the Cash Collateral Documents and such agreements, certificates, instruments, guaranties, notices and any and all other documents, including, without limitation, any amendments to any Cash Collateral Documents (collectively, the "Adequate Protection Documents"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the prepetition lenders; and (c) such forms of deposit, account control agreements, officer's certificates and compliance certificates as may be required by the Cash Collateral Documents or any other Adequate Protection Document.

FURTHER RESOLVED, that each of the Authorized Officers of the Company be, and they hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Transactions and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in their sole judgment be necessary, proper or advisable to perform the Company's obligations under or in connection with the Cash Collateral Order or any of the other Adequate Protection Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

FURTHER RESOLVED, that each of the Authorized Officers of the Company be, and they hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Cash Collateral Order or any of the Adequate Protection Documents or to do such other things which shall in their sole judgment be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by their execution thereof.

FURTHER RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

FURTHER RESOLVED, that member of the Special Committee of the Company has received sufficient notice of the actions and transactions relating to the matters contemplated by

the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice.

FURTHER RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Special Committee.

FURTHER RESOLVED, that each of the Authorized Officers (and their designees and delegates) be and hereby are authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member or managing member of each direct and indirect subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary or desirable in such Authorized Officers' reasonable business judgment as may be necessary or appropriate to effectuate the purposes of the transactions contemplated herein.

## II.    <u>GENERAL</u>

FURTHER RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

FURTHER RESOLVED, that the member of the Special Committee of the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice.

FURTHER RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Board.

FURTHER RESOLVED, that each of the Authorized Officers (and their designees and delegates) be and hereby are authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole stockholder, manager, member, or managing member of each direct and

indirect subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary or desirable in such Authorized Officers' reasonable business judgment as may be necessary or appropriate to effectuate the purposes of the transactions contemplated herein.

72098306.1