IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LUCKY'S MARKET PARENT COMPANY, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10166 (JTD)<br><br>(Joint Administration Pending) |

**APPLICATION OF DEBTORS FOR ENTRY OF AN ORDER (I) APPROVING THE RETENTION AND APPOINTMENT OF OMNI AGENT SOLUTIONS, INC. AS THE CLAIMS AND NOTICING AGENT TO THE DEBTORS, EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE, AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (the "**Debtors**") hereby apply (the "**Application**"), pursuant to section 156(c) of title 28 of the United States Code (the "**Judicial Code**"), Rule 2002-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the **"Local Rules"**), and the Court's *Protocol for the Employment of Claims and Noticing Agents under 28 U.S.C. § 156(c)*, instituted by the Clerk on February 1, 2012 (the "**Claims Agent Protocol**"), for entry of an order, substantially in the form attached hereto as Exhibit A (the "**Proposed Order**"), appointing Omni Agent Solutions, Inc. ("**Omni**") as claims and noticing agent (the "**Claims and Noticing Agent**") in the Debtors' chapter 11 cases effective *nunc pro tunc* to the Petition Date (as defined below). In support of the Application, the Debtors submit the *Declaration of Paul H. Deutch, Senior Vice*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Lucky's Market Parent Company, LLC (2055), Lucky's Farmers Market Holding Company, LLC (5480), Lucky's Market Operating Company, LLC (7064), LFM Stores LLC (3114), Lucky's Farmers Market, LP (0828), Lucky's Farmers Market Resource Center, LLC (7711), Lucky's Market Holding Company 2, LLC (0607), Lucky's Market GP 2, LLC (9335), Lucky's Market 2, LP (8384), Lucky's Market of Longmont, LLC (9789), Lucky's Farmers Market of Billings, LLC (8088), Lucky's Farmers Markets of Columbus, LLC (3379), Lucky's Farmers Market of Rock Hill, LLC (3386), LFM Jackson, LLC (8300), Lucky's Farmers Market of Ann Arbor, LLC (4067), Lucky's Market of Gainesville, LLC (7877), Lucky's Market of Bloomington, LLC (3944), Lucky's Market of Plantation, LLC (4356), Lucky's Market of Savannah, GA, LLC (1097), Lucky's Market of Traverse, City, LLC (2033), Lucky's Market of Naples, FL, LLC (8700), and Sinoc, Inc. (0723).

72044435.3

*President of Omni Agent Solutions, Inc.* (the "**Deutch Declaration**"), attached hereto as <u>Exhibit B</u> and incorporated herein by reference. In further support of the Application, the Debtors respectfully represent:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Under Local Rule 9013-1(f), the Debtors consent to entry of a final order under Article III of the United States Constitution. Venue of these cases and the Application in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 156(c), Local Rule 2002-1(f), and the Claims Agent Protocol.

## BACKGROUND

3. On the date hereof (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court commencing a case for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Andrew T. Pillari, Chief Financial Officer of Debtors, in Support of Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**") and fully incorporated herein by reference.

4. Concurrently with the filing of this Application, the Debtors have requested procedural consolidation and joint administration of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). The Debtors continue to manage and operate their business as debtors in possession

pursuant to Bankruptcy Code sections 1107 and 1108. No trustee or examiner has been requested in the Chapter 11 Cases and no committees have yet been appointed.

## RELIEF REQUESTED

5. The Debtors request entry of an order appointing Omni as the Claims and Noticing Agent for the Debtors and their chapter 11 cases, including assuming full responsibility for the distribution of notices and the maintenance, processing and docketing of proofs of claim filed in the Debtors' chapter 11 cases. The Debtors' selection of Omni to act as the Claims and Noticing Agent has satisfied the Court's Claims Agent Protocol in that the Debtors have obtained and reviewed engagement proposals from at least two other court-approved claims and noticing agents to ensure selection through a competitive process. Moreover, the Debtors submit, based on all engagement proposals obtained and reviewed, that Omni's rates are competitive and reasonable given Omni's quality of services and expertise. The terms of Omni's retention are set forth in the Engagement Agreement attached hereto as Exhibit C (the "**Engagement Agreement**"); provided, however, that the Debtors are seeking approval solely of the terms and provisions as set forth in this Application and the proposed Retention Order attached hereto.

6. Although the Debtors have not yet filed their schedules of assets and liabilities, they anticipate that there will be in excess of 15,000 entities to be noticed. Local Rule 2002-1(f) provides that "[i]n all cases with more than 200 creditors or parties in interest listed on the creditor matrix, unless the Court orders otherwise, the debtor shall file [a] motion [to retain a claims and noticing agent] on the first day of the case or within seven (7) days thereafter." In view of the number of anticipated claimants and the complexity of the Debtors' businesses, the Debtors submit that the appointment of a claims and noticing agent is required by Local Rule 2002-1(f) and is otherwise in the best interests of both the Debtors' estates and their creditors.

## **OMNI'S QUALIFICATIONS**

7. Omni is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Omni's professionals have experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Omni's professionals have acted as debtor's counsel or official claims and noticing agent in many large bankruptcy cases in this District and in other districts nationwide. Omni's active and former cases include, among others: *NeuroproteXeon, Inc., et al.*, Case No. 19-12676 (Bankr. D. Del. 2019); *Good Samaritan Lutheran Health Care Center, Inc.*, Case No. 19-12215 (Bankr. N.D.N.Y. 2019); *China Hospitals, Inc.*, Case No. 19-13767 (Bankr. S.D.N.Y. 2019); *Juno USA LP*, Case No. 19-12484 (Bankr. D. Del. 2019); *Vascular Access Centers, L.P.*, Case No. 19-17117 (Bankr. E.D. Pa. 2019); *Forever 21, Inc.*, Case No. 19-12122 (Bankr. D. Del. 2019); *In re 4 West Holdings, Inc., et al.*, Case No. 18-30777 (HH) (Bankr. N.D. Tex. 2018); *In re Lockwood International*, Case No. 18-30197 (DJ) (Bankr. S.D. Tex. 2018); *In re PES Holdings, LLC*, Case No. 18-10122 (KG) (Bankr. D. Del. 2018); *In re Dextera Surgical Inc.*, Case No. 17-12913 (KJC) (Bankr. D. Del. 2017); *In re Charming Charlie*, Case No. 17-12906 (CSS) (Bankr. D. Del. 2017); *In re Memorial Production Partners LP*, Case No. 17-30262 (MI) (Bankr. S.D. Tex. Jan. 16, 2017); *In re ITT Educational Services, Inc.*, Case No. 16-07207 (JMC) (Bankr. S.D. Ind. Sept. 16, 2016); *In re Joyce Leslie, Inc.*, Case No. 16-22035 (RDD) (Bankr. S.D.N.Y. Jan. 9, 2016); *In re Phoenix Brands, LLC*, Case No. 16-11242 (BLS) (Bankr. D. Del. May 24, 2016); *In re Mission Grp. Kansas*, Case No. 16-20656 (RDB) (Bankr. D. Kan. Apr. 15, 2016); *In re Quirky, Inc.*, Case No. 15-12596 (MG) (Bankr. S.D.N.Y. Sept. 22, 2015); *In re First Mariner Bancorp*, Case No. 14-11952 (DER) (Bankr. D. Md. Feb. 10, 2014); *In re Budget Travel*, Case No. 12-14815 (ALG)

72044435.3

(Bankr. S.D.N.Y. May 2, 2013); *In re MetroPark USA, Inc.*, Case No. 11-22866 (RDD) (Bankr. S.D.N.Y. May 9, 2011); *In re Lehr Construction Corp.*, Case No. 11-10723 (SHL) (Bankr. S.D.N.Y. Mar. 24, 2011).

8. By appointing Omni as the Claims and Noticing Agent in these Chapter 11 Cases, the distribution of notices and the processing of claims will be expedited, and the Office of the Clerk of the Bankruptcy Court (the "**Clerk**") will be relieved of the administrative burden of processing what may be an overwhelming number of claims.

## SERVICES PROVIDED

9. This Application pertains only to the work to be performed by Omni under the Clerk's delegation of duties permitted by 28 U.S.C. § 156(c) and Local Rule 2002-1(f). Any work to be performed by Omni outside of this scope is not covered by this Application or by any order granting approval hereof. Specifically, Omni will perform the following tasks in its role as Claims and Noticing Agent, as well as all quality control relating thereto:

 (a) Prepare and serve required notices and documents in these chapter 11 cases in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Debtors and/or the Court, including (i) notice of the commencement of these chapter 11 cases and the initial meeting of creditors under Bankruptcy Code § 341(a), (ii) notice of any claims bar date, (iii) notices of transfers of claims, (iv) notices of objections to claims and objections to transfers of claims, (v) notices of any hearings on a disclosure statement and confirmation of the Debtors' plan or plans of reorganization, including under Bankruptcy Rule 3017(d), (vi) notice of the effective date of any plan and (vii) all other notices, orders, pleadings, publications and other documents as the Debtors or Court may deem necessary or appropriate for an orderly administration of these chapter 11 cases;

 (b) Maintain an official copy of the Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the "***Schedules***"), listing the Debtors' known creditors and the amounts owed thereto;

 (c) Maintain (i) a list of all potential creditors, equity holders and other parties-in-interest and (ii) a "core" mailing list consisting of all parties described in Bankruptcy Rule 2002(i), (j) and (k) and those parties that have filed a

5

notice of appearance pursuant to Bankruptcy Rule 9010; update and make said lists available upon request by a party-in-interest or the Clerk;

(d) Furnish a notice to all potential creditors of the last date for filing proofs of claim and a form for filing a proof of claim, after such notice and form are approved by the Court, and notify said potential creditors of the existence, amount and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

(e) Maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

(f) For *all* notices, motions, orders or other pleadings or documents served, prepare and file or cause to be filed with the Clerk an affidavit or certificate of service within seven (7) business days of service which includes (i) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (iii) the manner of service and (iv) the date served;

(g) Process all proofs of claim received, including those received by the Clerk, check said processing for accuracy and maintain the original proofs of claim in a secure area;

(h) Maintain the official claims register for each Debtor (collectively, the "*Claims Registers*") on behalf of the Clerk; upon the Clerk's request, provide the Clerk with certified, duplicate unofficial Claims Registers; and specify in the Claims Registers the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the amount asserted, (v) the asserted classification(s) of the claim (*e.g.*, secured, unsecured, priority, *etc*.), (vi) the applicable Debtor and (vii) any disposition of the claim;

(i) Provide public access to the Claims Registers, including complete proofs of claim with attachments, if any, without charge;

(j) Implement necessary security measures to ensure the completeness and integrity of the Claims Registers and the safekeeping of the original claims;

(k) Record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

(l) Relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of Omni, not less than weekly;

6

(m) Upon completion of the docketing process for all claims received to date for each case, turn over to the Clerk copies of the Claims Registers for the Clerk's review (upon the Clerk's request);

(n) Monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the claims register and any service or mailing lists, including to identify and eliminate duplicative names and addresses from such lists;

(o) Identify and correct any incomplete or incorrect addresses in any mailing or service lists;

(p) Assist in the dissemination of information to the public and respond to requests for administrative information regarding these chapter 11 cases as directed by the Debtors or the Court, including through the use of a case website and/or call center;

(q) Monitor the Court's docket in these chapter 11 cases and, when filings are made in error or containing errors, alert the filing party of such error and work with them to correct any such error;

(r) If these chapter 11 cases are converted to cases under chapter 7 of the Bankruptcy Code, contact the Clerk's office within three (3) days of notice to Omni of entry of the order converting the cases;

(s) Thirty (30) days prior to the close of these chapter 11 cases, to the extent practicable, request that the Debtors submit to the Court a proposed order dismissing Omni as Claims and Noticing Agent and terminating its services in such capacity upon completion of its duties and responsibilities and upon the closing of these chapter 11 cases;

(t) Within seven (7) days of notice to Omni of entry of an order closing these chapter 11 cases, provide to the Court the final version of the Claims Registers as of the date immediately before the close of the chapter 11 cases; and

(u) At the close of these chapter 11 cases, (i) box and transport all original documents, in proper format, as provided by the Clerk's office, to (A) the Philadelphia Federal Records Center, 14700 Townsend Road, Philadelphia, PA 19154-1096 or (B) any other location requested by the Clerk's office; and (ii) docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

10. The Claims Registers shall be open to the public for examination without charge during regular business hours and on a case-specific website maintained by Omni.

**PROFESSIONAL COMPENSATION**

11. The Debtors respectfully request that the undisputed fees and expenses incurred by Omni in the performance of the above services be treated as administrative expenses of the Debtors' chapter 11 estates pursuant to 28 U.S.C. § 156(c) and Bankruptcy Code section 503(b)(1)(A) and be paid in the ordinary course of business without further application to or order of the Court.  Omni agrees to maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and to serve monthly invoices on the Debtors, the office of the United States Trustee, counsel for the Debtors, counsel for any official committee monitoring the expenses of the Debtors and any party-in-interest who specifically requests service of the monthly invoices.  If any dispute arises relating to the Engagement Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute; if resolution is not achieved, the parties may seek resolution of the matter from the Court.

12. Prior to the Petition Date, the Debtors provided Omni an advance in the amount of $25,000.  Omni seeks to first apply the advance to all prepetition invoices, and thereafter, to have the advance replenished to the original advance amount, and thereafter, to hold the advance under the Engagement Agreement during these Chapter 11 Cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

13. Additionally, under the terms of the Engagement Agreement, the Debtors have agreed to indemnify, defend and hold harmless Omni and its members, officers, employees, representatives, and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Omni's gross negligence or willful misconduct or as otherwise provided in the Engagement Agreement or Retention Order.  The Debtors believe that such an indemnification obligation is customary, reasonable and necessary to retain the services of a Claims and Noticing Agent in these Chapter 11 Cases.

## DISINTERESTEDNESS

14. To the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Deutch Declaration, Omni has represented that it neither holds nor represents any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

15. Moreover, in connection with its retention as Claims and Noticing Agent, Omni represents in the Deutch Declaration, among other things, that:

(a) Omni is not a creditor of the Debtors;

(b) Omni will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in these chapter 11 cases;

(c) By accepting employment in these chapter 11 cases, Omni waives any rights to receive compensation from the United States government in connection with these chapter 11 cases;

(d) In its capacity as the Claims and Noticing Agent in these chapter 11 cases, Omni will not be an agent of the United States and will not act on behalf of the United States;

(e) Omni will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these chapter 11 cases;

(f) Omni is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged;

(g) In its capacity as Claims and Noticing Agent in these chapter 11 cases, Omni will not intentionally misrepresent any fact to any person;

(h) Omni shall be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers;

(i) Omni will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

(j) None of the services provided by Omni as Claims and Noticing Agent in these chapter 11 cases shall be at the expense of the Clerk's office.

16.     In view of the foregoing, the Debtors believe that Omni is a "disinterested person" within the meaning of Bankruptcy Code section 101(14).

17.     Omni has informed the Debtors that throughout these cases, Omni will continue to conduct periodic conflicts analyses to determine whether it is providing services or has performed services for any significant parties in interest in these cases and that it will promptly update this Application and disclose any material developments regarding the Debtors or any other pertinent relationships that come to Omni's attention by way of a supplemental declaration.

## COMPLIANCE WITH CLAIMS AND NOTICING AGENT PROTOCOL

18.     This Application complies with the Claims Agent Protocol and substantially conforms to the standard Section 156(c) Application in use in this Court.  To the extent that there is any inconsistency between this Application, the Retention Order and the Engagement Agreement, the Retention Order shall govern.

## BASIS FOR RELIEF

19.     This Application is made pursuant to Judicial Code section 156(c), Bankruptcy Code section 105(a), Bankruptcy Rule 2002(f), Local Rule 2002-1(f), and the Claims Agent Protocol for an Order appointing Omni as the Claims and Noticing Agent in order to assume full responsibility for the distribution of notices and the maintenance, processing, and docketing of proofs of claim filed in the Chapter 11 Cases.

20.     Judicial Code section 156, in relevant part, provides:

> Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the costs of such facilities or services are paid for out of the assets of the estate and are not charged to the United States. The utilization of such facilities or services shall be subject to such conditions and limitations as the pertinent circuit council may prescribe.

28 U.S.C. § 156(c).

21. Bankruptcy Code section 105, in relevant part, provides:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

22. Local Rule 2002-1(f) provides:

Upon motion of the debtor or trustee, at any time without notice or hearing, the Court may authorize the retention of a notice and/or claims clerk under 28 U.S.C. § 156(c). In all cases with more than 200 creditors or parties in interest listed on the creditor matrix, unless the Court orders otherwise, the debtor shall file such motion on the first day of the case or within seven (7) days thereafter. The notice and/or claims clerk shall comply with the Protocol for the Employment of Claims and Noticing Agents under 28 U.S.C. § 156(c) (which can be found on the Court's website) and shall perform the [Claims and Noticing Services].

23. In accordance with the Claims Agent Protocol, prior to the selection of Omni, the Debtors reviewed and compared engagement proposals from four court-approved claims and noticing agents, including Omni, to ensure selection through a competitive process. The Debtors submit, based on the engagement proposals obtained and reviewed, that Omni's rates are competitive and reasonable given its quality of services and expertise. The terms of Omni's retention are set forth in the Engagement Agreement; provided, however, that by this Application the Debtors are seeking approval solely of the terms and provisions as set forth in this Application and the Order attached hereto as <u>Exhibit A</u>.

24. The Debtors anticipate that there will be in excess of 15,000 entities to be noticed. In view of the number of anticipated claimants and the complexity of the Debtors' business, the Debtors submit that the appointment of Omni as the Claims and Noticing Agent is both necessary

11

and in the best interests of the Debtors' estates and creditors because the Debtors will be relieved of the burdens associated with the Claims and Noticing Services. Accordingly, the Debtors will be able to devote their full attention and resources to the restructuring efforts described above.

### WAIVER OF BANKRUPTCY RULE 6004(A) AND 6004(H)

25. To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### CONSENT TO JURISDICTION

26. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Application if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

### NOTICE

27. Notice of this Application will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Prepetition Secured Lender and DIP Lender; (c) the parties included on the Debtor's consolidated list of twenty (20) largest unsecured creditors; (d) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (e) all parties entitled to notice pursuant to Local Rule 9013-1(m).

28. The Debtors submit that, under the circumstances, no other or further notice is required.

### NO PRIOR REQUEST

29. No previous request for the relief sought herein has been made to this Court or any other court.

12
72044435.3

**WHEREFORE**, the Debtors respectfully request that the Court enter the proposed order substantially in the form attached hereto as <u>Exhibit A</u> granting the relief requested in the Application and such other and further relief as may be just and proper.

Dated:  January 27, 2020
       Wilmington, Delaware

Respectfully submitted,

**POLSINELLI PC**

 */s/ Christopher A. Ward*
Christopher A. Ward (Del. Bar No. 3877)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com

-and-

Liz Boydston (*Pro Hac Vice* Pending)
2950 N. Harwood, Suite 2100
Dallas, TX 75201
Telephone: (214) 661-5557
lboydston@polsinelli.com

*Proposed Counsel to the Debtors and Debtors in Possession*

13

72044435.3