IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> LUCKY'S MARKET PARENT COMPANY, LLC, *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 20-10166 (JTD) <br><br> (Jointly Administered) |

**DEBTORS' OMNIBUS MOTION SEEKING
ENTRY OF AN ORDER (I) AUTHORIZING THE REJECTION
OF CERTAIN EXECUTORY CONTRACTS, EACH EFFECTIVE *NUNC
PRO TUNC* TO THE PETITION DATE, AND (II) GRANTING RELATED RELIEF**

**COUNTERPARTIES TO EXECUTORY CONTRACTS RECEIVING THIS OMNIBUS CONTRACT MOTION SHOULD LOCATE THEIR NAMES AND AGREEMENTS IN THE SCHEDULES ATTACHED HERETO AS EXHIBIT 1 TO EXHIBIT A.**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby move (the "**Motion**") for entry of an order, substantially in the form attached hereto as Exhibit A (the "**Proposed Order**"), pursuant to sections 105(a), 365, and 554 of title 11 of the United States Code (the "**Bankruptcy Code**") and rules 6004(h) and 6006(f) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), (i) authorizing the rejection of certain executory contracts (each a "**Contract**," and collectively, the "**Contracts**"), as set forth on Exhibit 1 to Exhibit A attached hereto, each effective *nunc pro tunc* to the Petition Date and (ii) granting related relief. In support of the Motion, the Debtors rely upon the *Declaration of*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Lucky's Market Parent Company, LLC (2055), Lucky's Farmers Market Holding Company, LLC (5480), Lucky's Market Operating Company, LLC (7064), LFM Stores LLC (3114), Lucky's Farmers Market, LP (0828), Lucky's Farmers Market Resource Center, LLC (7711), Lucky's Market Holding Company 2, LLC (0607), Lucky's Market GP 2, LLC (9335), Lucky's Market 2, LP (8384), Lucky's Market of Longmont, LLC (9789), Lucky's Farmers Market of Billings, LLC (8088), Lucky's Farmers Markets of Columbus, LLC (3379), Lucky's Farmers Market of Rock Hill, LLC (3386), LFM Jackson, LLC (8300), Lucky's Farmers Market of Ann Arbor, LLC (4067), Lucky's Market of Gainesville, LLC (7877), Lucky's Market of Bloomington, LLC (3944), Lucky's Market of Plantation, LLC (4356), Lucky's Market of Savannah, GA, LLC (1097), Lucky's Market of Traverse, City, LLC (2033), Lucky's Market of Naples, FL, LLC (8700), and Sinoc, Inc. (0723).

*Andrew T. Pillari, Chief Financial Officer of Debtors, in Support of Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**"). In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Under Local Rule 9013-1(f), the Debtors consent to entry of a final order under Article III of the United States Constitution. Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a), 365(a), and 554(a), Bankruptcy Rules 6004, 6006, and 6007, and Local Rule 9013-1.

## BACKGROUND

3. On January 27, 2020 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court commencing a case for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the First Day Declaration and fully incorporated herein by reference.

4. The Debtors have continued to manage and operate their business as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108. No trustee or examiner has been requested in the Chapter 11 Cases.

## RELIEF REQUESTED

5.     The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**: (a) authorizing the rejection of certain executory contracts (each, a "**Contract**," and collectively, the "**Contracts**"), as set forth on Exhibit 1 to **Exhibit A** attached hereto, each effective *nunc pro tunc* to the Petition Date and (b) granting related relief.

## CONTRACTS TO BE REJECTED

6.     The Debtors have historically been a party to a significant number of Contracts associated with its business operations. Prior to the Petition Date, the Debtors undertook a review of their Contracts to determine whether the Contracts were needed to effectuate an orderly wind down of the Debtors' business. Ultimately, the Debtors determined in their business judgment that certain Contracts were not needed and should be rejected as of the Petition Date.

7.     The Contracts subject to this motion provide no benefit to the Debtors' estates or these chapter 11 cases. Absent rejection, the Debtors would be obligated to pay for products or services that the Debtors no longer use or need. By rejecting the Contracts at the outset of these chapter 11 cases, the Debtors save a considerable amount of unnecessary costs, maximizing the value to the Debtors' estates for the benefit of all stakeholders. Additionally, the Debtors have determined in their business judgment that the costs of the Contracts exceed any marginal benefits that could potentially be achieved from assignments or delegation of the Contracts.

8.     Accordingly, in an effort to reduce postpetition administrative costs and in the exercise of the Debtors' sound business judgment, the Debtors request authority to reject the Contracts set forth on Exhibit 1 to the Order attached hereto as **Exhibit A**, effective as of the Petition Date.

**BASIS FOR RELIEF**

**A.   Rejection of the Contracts is Appropriate and Provides the Debtors with Significant Cost Savings.**

9.   Bankruptcy Code section 365(a) provides that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). Courts routinely approve motions to reject executory contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (stating that the traditional standard applied by courts to authorize the rejection of an executory contract is that of "business judgment"); *In re Taylor*, 913 F.2d 102 (3d. Cir. 1990); *In re Buckhead America Corp.*, 180 B.R. 83 (Bankr. D. Del. 1995).

10.   Courts generally will not second-guess a debtor's business judgment concerning the rejection of an executory contract or unexpired lease. *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) ("A debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of bad faith, or whim or caprice."). The "business judgment" test is not a strict standard; it merely requires a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. *See N.L.R.B. v. Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) (noting that the "usual test for rejection of an executory contract is simply whether rejection would benefit the estate"), *aff'd*, 465 U.S. 513. Further, "[s]ection 365 enables the trustee to maximize the value of the debtor's estate by assuming executory contracts and unexpired leases that benefit the estate and rejecting those that do not." *L.R.S.C. Co. v. Rickel Home Ctrs., Inc. (In re Rickel Home Ctrs., Inc.)*, 209 F.3d 291, 298 (3d Cir. 2000); *see also Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (section 365 of the Bankruptcy Code "allows a

trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed").

11. The Contracts are not a source of value for the Debtors' estates or stakeholders and contemplate goods or services that are not necessary for the orderly wind down of the Debtors' business. The Debtors' obligations to pay postpetition amounts for these unnecessary goods and services eliminates any potential value from the Contracts—including any potential value from an assignment. Accordingly, the Debtors have determined in their sound business judgment that the Contracts listed on Exhibit 1 attached to the Order are an unnecessary drain on the Debtors' estates and should be rejected.

**B.  This Court Should Deem the Contracts Rejected *Nunc Pro Tunc* to the Petition Date.**

12. Bankruptcy Courts are empowered to grant retroactive rejection of a contract or lease under Bankruptcy Code sections 105(a) and 365(a). *See In re Jamesway Corp.*, 179 B.R. 33, 37 (Bankr. S.D.N.Y. 1995) (stating that section 365 does not include "restrictions as to the manner in which the court can approve rejection"); *see also In re CCI Wireless, LLC*, 297 B.R. 133, 138 (Bankr. D. Colo. 2003) (noting that section 365 "does not prohibit the bankruptcy court from allowing the rejection of [leases] to apply retroactively"). Courts have held that retroactive rejection under these sections is appropriate "when principles of equity so dictate." *Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. # 1 (In re Thinking Machs. Corp.)*, 67 F.3d 1021, 1028-29 (1st Cir. 1995) (indicating "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactive" to the motion filing date); *Republic Underwriters Ins. Co. v. DBSI Republic, LLC (In re DBSI, Inc.)*, 409 B.R. 720, 734 (Bankr. D. Del. 2009) (holding that a bankruptcy court may enter a rejection order with an effective date earlier than the date the

order is entered); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) ("[T]he court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a)"); *see also Constant Ltd. P'ship v. Jamesway Corp. (In re Jamesway Corp.)*, 179 B.R. 33, 38 (S.D.N.Y. 1995) ("a court can, where appropriate, approve rejection retroactively").

13. Here, the balance of equities favors rejection of the Contracts *nunc pro tunc* to the Petition Date. The Debtors seek to reject the Contracts because they are, and will continue to be, a burden to the Debtors' estates. Without rejection effective as of the Petition Date, the Debtors may incur unnecessary administrative expenses related to the Contracts—agreements that the Debtors no longer need or that provide a benefit to the Debtors' estates. The Debtors have sought the relief requested at the earliest possible moment in these chapter 11 cases in order to limit unnecessary expenses to their estates.

14. Courts in this jurisdiction have approved relief similar to that requested herein. *See, e.g.*, *In re Fuse, LLC*, No. 19-10872 (KG) (Bankr. D. Del. June 5, 2019) (granting Debtors authorization to reject executory contracts effective, *nunc pro tunc*, to the petition date); *In re Kona Grill, Inc.*, No. 19-10953 (CSS) (Bankr. D. Del. May 2, 2019) (authorizing rejection of executory contracts and unexpired leases effective as of the petition date of April 30, 2019); *In re Argos Therapeutics, Inc.*, No. 18-12714 (KJC) (Bankr. D. Del. Mar. 4, 2019) (granting Debtors' request to reject certain unexpired leases effective *nunc pro tunc* to the petition date and abandon personal property at the rejected locations free and clear of all liens); *In re Promise Health Grp.*, No. 18-12491 (CSS) (Bankr. D. Del. Nov. 30, 2018) (authorizing debtors to reject certain executory contracts *nunc pro tunc* to the petition date).

72061181.1

## COMPLIANCE WITH BANKRUPTCY RULE 6006(f)

15. Bankruptcy Rule 6006(f) establishes requirements for an omnibus motion to reject executory contracts or unexpired leases. Specifically, Bankruptcy Rule 6006(f) states, in part, that such a motion shall: (a) "state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion," (b) "list parties alphabetically and identify the corresponding contract or lease," (c) "be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases," and (d) "be limited to no more than 100 executory contracts or unexpired leases." Fed. R. Bankr. P. 6006(f). The Debtors respectfully submit that the relief requested in this Motion complies with the requirements of Bankruptcy Rule 6006(f).

## REQUEST FOR IMMEDIATE RELIEF AND WAIVER OF STAY

16. Pursuant to Bankruptcy Rule 6004(h), the Debtors seek a waiver of any stay of the effectiveness of an order granting this Motion, to the extent that it applies to the relief requested in this Motion. Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." The relief requested in this Motion is essential to avoid the potential accrual of unnecessary administrative expenses. Accordingly, the Debtors submit that, to the extent that Bankruptcy Rule 6004(h) applies, ample cause exists to justify a waiver of the fourteen-day stay.

## NOTICE

17. Notice of this Motion will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Prepetition Secured Lender; (c) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors; (d) any

banking or financial institution that holds Debtors' accounts; (e) third party administrators that provides services to the Debtors; (f) any party that has requested notice pursuant to Bankruptcy Rule 2002; (g) the counterparties to the Contracts listed on <u>Exhibit 1</u> to the Proposed Order; and (h) all parties entitled to notice pursuant to Local Rule 9013-1(m) (collectively, the "Notice Parties"). The Debtors submit that, under the circumstances, no other or further notice is required.

## NO PRIOR REQUEST

18. No previous request for the relief sought herein has been made to this Court or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order: (i) granting the relief sought herein, and (ii) granting the Debtors such other and further relief as the Court may deem proper.

Dated: January 30, 2020
         Wilmington, Delaware

Respectfully submitted,

**POLSINELLI PC**

*/s/ Christopher A. Ward*
Christopher A. Ward (Del. Bar No. 3877)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com

-and-

Liz Boydston (Admitted *Pro Hac Vice*)
2950 N. Harwood, Suite 2100
Dallas, TX 75201
Telephone: (214) 661-5557
lboydston@polsinelli.com

*Proposed Counsel to the Debtors and Debtors in Possession*