IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LUCKY'S MARKET PARENT | ) | Case No. 20-10166 (JTD) |
| COMPANY, LLC, *et al.*,[1] | ) | |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | **Re:  D.I. 73** |
| | ) | |
| | ) | **Hearing Date: Feb. 19, 2020 at 11:00 a.m.** |
| | ) | **Obj. Deadline: Feb. 12, 2020 at 4:00 p.m.** |

## LIMITED OBJECTION TO DEBTORS' BID PROCEDURES

Dave's Supermarket, Inc. ("Dave's Supermarkets"), a party in interest, by its undersigned attorneys, hereby objects to the Debtors' Bid Procedures (Doc No. 73) (the "Bid Procedures"), and respectfully states as follows:

### RELEVANT BACKGROUND

1. Dave's Supermarkets was founded in 1930 and services the local needs of the growing and diverse neighborhoods of the greater Cleveland area. Dave's Supermarkets operate 13 markets in Northeast Ohio and each location is uniquely merchandised and positioned to serve the needs of its neighborhood. Dave's Supermarkets recently completed ground up construction of the new Dave's Market and Eatery in the midtown area of Cleveland and renovated its store in Ohio City.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Lucky's Market Parent Company, LLC (2055), Lucky's Farmers Market Holding Company, LLC (5480), Lucky's Market Operating Company, LLC (7064), LFM Stores LLC (3114), Lucky's Farmers Market, LP (0828), Lucky's Farmers Market Resource Center, LLC (7711), Lucky's Market Holding Company 2, LLC (0607), Lucky's Market GP 2, LLC (9335), Lucky's Market 2, LP (8384), Lucky's Market of Longmont, LLC (9789), Lucky's Farmers Market of Billings, LLC (8088), Lucky's Farmers Market of Columbus, LLC (3379), Lucky's Farmers Market of Rock Hill, LLC (3386), FLM Jackson, LLC (8300), Lucky's Farmers Market of Ann Arbor, LLC (4067), Lucky's Market of Gainesville, LLC (7877), Lucky's Market of Bloomington, LLC (3944), Lucky's Market of Plantation, LLC (4356), Lucky's Market of Savannah, GA, LLC (1097), Lucky's Market of Traverse City, LLC,(2033), Lucky's Market of Naples, FL, LLC (8700), and Sinoc, Inc. (0723).

2.       The Bid Procedures contained in Doc. No. 73 relate to the remaining 7 locations that the Debtors have chosen to continue to operate.  These stores are geographically disparate and only one of the locations – the location in Cleveland Ohio – is a long term ground lease (identified as a Pad Lease). Dave's Supermarkets may be interested in submitting a bid on that lease alone, which would allow it to operate a neighborhood market within its Cleveland footprint.

## LIMITED OBJECTION

3.       The principal goal in any proposed sale of property under section 363 of the Bankruptcy Code is to maximize the proceeds received by the estate, thereby providing the greatest value for creditors. *See In re Reliant Energy Channelview LP*, 594 F.3d 200, 206 (3d Cir. 2010) (bid procedures must not favor one purchaser over another by increasing the cost of acquisition); *In re Mushroom Transp. Co. Inc.,* 382 F.3d 325, 339 (3d Cir. 2004) (noting the trustee's duty to maximize benefit to the estate); *In re Edwards*, 228 B.R. 552, 561 (Bankr. E.D. Pa. 1998). To protect this outcome and ensure that the estate yields the maximum benefit from a sale, courts must safeguard the bidding and sale process and approve only those procedures that will not chill bidders' participation in the process. Courts will not approve bidding procedures that undermine the principles of fair play because, unless the sale process remains open and fair, competing bidders will refrain from participating. *See In re Jon J. Peterson, Inc.,* 411 B.R. 131, 137 (Bankr. W.D.N.Y. 2009).

4.       It is frustrating to Dave's Supermarkets, and potentially other regional supermarkets, that the proposed Bid Procedures require potential bidders to bid on *all* the remaining operating leases.  This is exclusionary to *regional* supermarkets, who may operate in only one state or city, and will chill competitive bidding.  Excluding bids on individual leases

drives regional supermarkets out of the auction process and is, therefore, not value maximizing.

5. Furthermore, the structure of the Bid Procedures, in light of the heightened scrutiny of the Stalking Horse as an insider, should be modified to properly test the value of the assets in the marketplace. By aggregating assets that are so dissimilar - legally and geographically – the most beneficial allocation of assets may not be achieved.

**WHEREFORE**, Dave's Supermarkets hereby requests that the Bid Procedures be modified to permit the qualification of individual bids and for such further modifications of the auction process to address the higher scrutiny required of a proposed insider transaction.

Dated: February 12, 2020
      Wilmington, DE

                              Respectfully submitted,

                              **THE ROSNER LAW GROUP LLC**

                              By: */s/ Frederick B. Rosner*
                              Frederick B. Rosner (DE #3995)
                              824 N. Market Street, Suite 810
                              Wilmington, Delaware  19801
                              Telephone:  (302) 777-1111
                              E-mail: rosner@teamrosner.com

                              **MEYERS ROMAN FRIEDBERG & LEWIS LPA**

                              By: David M. Neumann (OBR #0068747)
                              28601 Chagrin Boulevard, Suite 600
                              Cleveland, OH  44122
                              Phone:  (216) 831-0042
                              E-mail:  dneumann@meyersroman.com

                              *Counsel for Dave's Supermarket, Inc.*