IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*<br><br>**LUCKY'S MARKET PARENT COMPANY, LLC,** *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10166 (JTD)<br><br>Jointly Administered<br><br>Related to D.I. 98 |

**LIMITED OBJECTION OF SERITAGE SRC FINANCE LLC TO
MOTION OF DEBTORS FOR ENTRY OF (I) AN ORDER (A) APPROVING
BID PROCEDURES IN CONNECTION WITH THE POTENTIAL SALE OF
CERTAIN OF THE DEBTORS' ASSETS, (B) SCHEDULING AN AUCTION AND
A SALE HEARING, (C) APPROVING THE FORM AND MANNER OF NOTICE
THEREOF, (D) AUTHORIZING THE DEBTORS TO ENTER INTO THE STALKING
HORSE AGREEMENT, (E) APPROVING BID PROTECTIONS, (F) APPROVING
PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS
AND LEASES, AND (G) GRANTING RELATED RELIEF; (II) AN ORDER
(A) APPROVING THE SALE OF CERTAIN OF THE DEBTORS' ASSETS FREE
AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, (B)
AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND
LEASES, AND (C) GRANTING RELATED RELIEF (CARLOS ALVAREZ)**

Seritage SRC Finance LLC ("Landlord"), by and through its undersigned counsel, files this limited objection ("Objection") to the *Motion of Debtors for Entry of (I) an Order (A) Approving Bid Procedures in Connection With the Potential Sale of Certain of the Debtors' Assets, (B) Scheduling an Auction and a Sale Hearing, (C) Approving the Form and Manner of Notice Thereof, (D) Authorizing the Debtors to Enter Into the Stalking Horse Agreement, (E)*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Lucky's Market Parent Company, LLC (2055), Lucky's Farmers Market Holding Company, LLC (5480), Lucky's Market Operating Company, LLC (7064), LFM Stores LLC (3114), Lucky's Farmers Market, LP (0828), Lucky's Farmers Market Resource Center, LLC (7711), Lucky's Market Holding Company 2, LLC (0607), Lucky's Market GP 2, LLC (9335), Lucky's Market 2, LP (8384), Lucky's Market of Longmont, LLC (9789), Lucky's Farmers Market of Billings, LLC (8088), Lucky's Farmers Markets of Columbus, LLC (3379), Lucky's Farmers Market of Rock Hill, LLC (3386), LFM Jackson, LLC (8300), Lucky's Farmers Market of Ann Arbor, LLC (4067), Lucky's Market of Gainesville, LLC (7877), Lucky's Market of Bloomington, LLC (3944), Lucky's Market of Plantation, LLC (4356), Lucky's Market of Savannah, GA, LLC (1097), Lucky's Market of Traverse City, LLC (2033), Lucky's Market of Naples, FL, LLC (8700), and Sinoc, Inc. (0723).

1

*Approving Bid Protections, (F) Approving Procedures for the Assumption and Assignment of Contracts and Leases, and (G) Granting Related Relief; (II) an Order (A) Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (B) Authorizing the Assumption and Assignment of Contracts and Leases, and (C) Granting Related Relief (Carlos Alvarez)* [D.I. 98] (the "Sale Motion"). In support of the Objection, the Landlord respectfully states as follows:

## BACKGROUND

1. On January 27, 2020, each of the Debtors commenced a bankruptcy case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. Upon information and belief, the Debtors are operating their businesses as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Landlord and one of the Debtors, Lucky's Market Operating Company, LLC, are parties to an unexpired lease of nonresidential real property (the "Lease"), dated August 15, 2016, for premises located at Tyrone Square Mall, St. Petersburg, Florida (the "Premises").

4. The Premises is located within a "shopping center" as that term is used in section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.,* 922 F.2d 1081, 1086-87 (3d Cir. 1990).

5. On February 4, 2020, the Debtors filed the Sale Motion, which seeks, among other things, approval of Bid Procedures [2] and a Stalking Horse Agreement with the Stalking Horse Purchaser, Carlos Alvarez and/or an Affiliate, pursuant to which the Stalking Horse Purchaser proposes to acquire and take assignment and delivery of Assets, including the Lease.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion.

6. On February 7, 2020, the Debtors filed an *Omnibus Notice of Bid Procedures Motions and Hearing Thereon* [D.I. 133] scheduling a hearing with respect to the Bid Procedures on February 19, 2020.

## **OBJECTION TO BID PROCEDURES**

### A. The Sale Process Must Protect the Landlord's Due Process Rights

7. By the Sale Motion, the Debtors propose the following schedule for bidding, filing objections, conducting an auction and the Sale Hearing with respect to the Lease:

| | |
|---|---|
| February 12, 2020 | Debtors to serve "Cure and Possible Assumption and Assignment Notice" |
| March 4, 2020 at 4:00 p.m. | Cure and Assignment Objection Deadline |
| March 6, 2020 | Stalking Horse Bid Objection Deadline |
| March 9, 2020 | Deadline to Submit Bid |
| March 11, 2020 at 10:00 a.m. | Auction (if Qualified Bid other than Stalking Horse Agreement, is received by Bid Deadline) |
| March 11, 2020 at 4:00 p.m. | Deadline for Debtors to file Notice of Successful Bidder and Contract Assignment Notice (the "Assumption Notice") providing Successful Bidder's assurance of future performance |
| March 12, 2020 at 12:00 p.m. | Deadline to Object to Sale to Successful Bidder (other than Stalking Horse Purchaser) |
| March 13, 2020 | Sale Hearing |

[Bid. Proc., p. 2]. The proposed expedited schedule is inadequate. At a minimum the proposed scheduled must provide protections to which the Landlord is entitled under the Lease and the Bankruptcy Code. Fundamental concepts of due process require that "notice must be reasonably calculated … to apprise interested parties of the pendency of an action and to afford them an opportunity to present objections." *Sullivan v. Barnett*, 139 F.3d 158, 171 (3d Cir. 1998), *citing Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313 (1950). As discussed herein, the Court should ensure that the Landlord has a meaningful opportunity to review the adequate

3

assurance of future performance information, assess the ability of a Successful Bidder to perform under the Lease, and, if necessary, pursue an objection.  The proposed Bid Procedures do not afford the Landlord such an opportunity.  Consequently, the Landlord proposes that the schedule be extended to late March 2020.

**B.    The Bid Procedures Should Require that the Debtors Promptly Provide Adequate Assurance Information Before Any Objection Deadline**

**The Bankruptcy Code's Protections**

8.    In connection with the assumption and assignment of leases, shopping center landlords are afforded special statutory protections under the Bankruptcy Code in the form of adequate assurance of future performance.  *In re Joshua Slocum*, 922 F.2d 1086; *In re Trak Auto Corp.*, 277 B.R. 655 (Bankr. E.D. Va. 2002).  Section 365(f)(2) provides:

> The trustee may assign an executory contract or unexpired lease of the debtor only if –
>
> (A)    the trustee assumes such contract or lease in accordance with the provisions of this section; and
>
> (B)    adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default contract or lease.

11 U.S.C. § 365(f)(2).

9.    Section 365(b)(1) of the Bankruptcy Code further provides:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee -
>
> (A)    cures, or provides adequate assurance that the trustee will promptly cure, such default…;
>
> (B)    compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease for any actual pecuniary loss to such part resulting from such default; and

4

    (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

 10. In connection with a shopping center lease, adequate assurance of future performance includes adequate assurance –

    (A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor…as of the time the debtor became the lessee under the lease;

    (B) that any percentage rent due under such lease will not decline substantially;

    (C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision…, and

    (D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. § 365(b)(3).

 11. The Debtors bear the burden of proving adequate assurance of future performance in connection with the potential assumption and assignment of the Lease. *In re F.W. Restaurant Assoc., Inc.*, 190 B.R. 143 (Bankr. D. Conn. 1995); *In re Rachels Indus. Inc.*, 109 B.R. 797, 802 (Bankr. W.D. Tenn. 1990).

    **The Bid Procedures Must Provide for Timely Adequate Assurance Information**

 12. The Bid Procedures require "proof of financial ability to perform" (Bid Proc., p. 5). Bidders, however, should be required to submit, and the Landlord must receive, the following additional information (collectively, the "Adequate Assurance Information"), if Debtors are to satisfy their burden:

40000/0598-19746404v2

      a.      The exact name of the proposed Bidder, the proposed tenant that will act as the assignee, and the proposed name under which the assignee intends to operate a store;

      b.      The proposed assignee's intended use of the space;

      c.      Audited financial statements and annual reports for 2017-2019, including all supplements and amendments thereto, for the proposed assignee, tenant entity, and any guarantor;

      d.      Any and all documents regarding the proposed assignee's and any guarantor's experience in operating stores in shopping centers;

      e.      The number of stores the proposed assignee and any guarantor operates and all trade names used; and

      f.      A contact person for the proposed assignee that the Landlord may directly contact in connection with the adequate assurance of future performance.

The above is a non-exclusive list of the minimum information the Landlord requires to assess a potential assignee of the Lease, and the Landlord reserves the right to request additional information that it deems necessary to make an informed decision as to the ability of a potential assignee to satisfy the requirements of section 365 of the Bankruptcy Code.[3]

      13.      Under the proposed Bid Procedures, Bidders are not required to submit adequate assurance of future performance information in connection with the potential assumption and assignment of the Lease until the Bid Deadline, March 9, 2020 [Bid. Proc., p. 6]. The Bid Procedures require the Debtors to file and serve an Assumption Notice providing, among other things, "the Successful Bidder's assurance of future performance no later than March 11, 2020" [Bid. Proc., p. 2]. The Debtors should be required to disseminate the adequate assurance information via e-mail to the Landlord and its counsel upon receipt of such information from a Qualified Bidder, and in no event later than twenty-four (24) hours of the Bid Deadline.

---

[3] The Landlord may also require similar information for the Debtors in the years when the Debtors entered into the Lease to appropriately evaluate the ability of a proposed assignee to provide adequate assurance of future performance.

Landlord requires five (5) to seven (7) business days before the deadline to object to the assumption and assignment of the Lease and to review and assess the adequate assurance of future performance information for any proposed assignee.

14. In addition, since the Sale Motion identifies the Stalking Horse Purchaser, there is no reason to delay transmittal of Stalking Horse Purchaser's assurance of future performance to the Landlord. The Bid Procedures provide that if no Qualified Bids other than the Stalking Horse Purchaser are received prior to the Bid Deadline, then the Auction will not occur [Bid Proc., p. 8]. The Debtors should be required to provide the Landlord with the adequate assurance information of the Stalking Horse Bidder within three (3) days of the entry of the Bid Procedures Order.

15. In addition, the Landlord requests clarification regarding the Assets to be conveyed pursuant to the Stalking Horse Agreement (Section 2.1), particularly with respect to furniture, fixtures and equipment.

C. **The Bid Procedures Deny the Landlord Sufficient Opportunity to Analyze a Proposed Assignee and the Adequate Assurance of Future Performance Information**

16. The Debtors propose to conduct an auction on March 11, 2020 at 10:00 a.m. and file a notice of successful bidder and Contract Assignment Notices on the same date at 4:00 p.m. Objections to the sale to a Successful Bidder, if not the Stalking Horse Purchaser, are due by noon the next day, March 12, 2020 – which provides at most (and unrealistically) 20 hours for the Landlord to assess the proposed assignee and prepare an objection. The Landlord will be forced to expeditiously (i) assess any proposed assignee(s) and related adequate assurance information; (ii) determine whether the proposed assignee(s)' use of the Leased Premises will violate any provisions in the Lease; (iii) potentially conduct discovery; (iv) draft an objection;

7

and (v) prepare for a contested hearing. This timeline is completely insufficient and prejudicial to the Landlord.

17. The Landlord respectfully requests that the procedures be modified to provide additional time between receipt of adequate assurance of future performance information and the Sale Hearing; and (iii) to the extent the Landlord seeks to contest the assignment of the Lease, the Sale Hearing should only be a status conference with respect to such contested lease assumption and assignment issues, if those issues can even be determined at that time, and an evidentiary hearing, if necessary, should be scheduled to occur no sooner than fourteen (14) days after the Sale Hearing, according to the Court's availability.

**D.    The Bid Procedures Should Address a Landlord's Authority to Bid on Its Lease**

18. The Bid Procedures should include a simplified protocol for the Landlord to bid on its own Lease. The Landlord is the fee simple owner of the Premises and positioned differently than other bidders with respect to the Lease. The Landlord should not have to provide financial information, adequate assurance of future performance information, or other information to bid on its Lease. In addition, the Landlord should be entitled to bid on the Lease without the need of submitting a deposit. Also, the Landlord should be entitled to credit bid any portion of the outstanding amounts owed under the Lease without the need of submitting a deposit. A landlord bid that evidences the bid on its Lease and an agreement to execute an agreeable form of lease termination or other agreement, that provides the amount of proposed credit or other bid, should be deemed to satisfy the bid requirement for the Landlord and entitle the Landlord to appear and participate in the auction. There are also certain conditions to be eligible to participate in the Auction which should not be required of the Landlord (Bid. Proc., p.

8

3). In addition, the Landlord should be entitled to attend the auction in accordance with Del. Bankr. L. R. 6004-1(c)(ii)(C).

**E.     Any Assumption and Assignment Must Comply with the Terms of the Lease**

19.     Any assumption and assignment must be subject to all provisions of the Lease, including but not limited to those provisions concerning, use, radius, exclusivity and tenant mix.

**F.     The Debtors or Any Proposed Assignee Must be Responsible for All Charges Due Under the Lease, Including Year-End Adjustments and Reconciliations**

20.     The Sale Motion seeks authority for the sale of the Lease free and clear of all liens, claims, encumbrances and other interests. The Landlord objects to any sale free and clear of the obligations to satisfy unbilled taxes, reconciliations, percentage rent, or other year-end adjustments or unbilled charges under the Lease prior to the assignment of the Lease, but which have not yet been billed. The Debtors continue to be responsible for all such unbilled charges as they come due under the Lease, and the Debtors, or any assignee must continue to satisfy all charges under the Lease, including charges which have not yet been billed, reconciled and/or adjusted from pre-petition (or even post-petition) periods.

**G.     The Cure Procedures Require Modification**

21.     The form of Cure and Possible Assumption and Assignment Notice has a column for "cure amount." The Bid Procedures provide that objections to the cure amount set forth in the Cure and Possible Assumption and Assignment Notice must "state with specificity the nature of the objection and, if the objection pertains to the proposed cure amount, the correct cure amount alleged by the objecting counterparty, together with any applicable and appropriate documentation in support thereof." [Proposed Order, ¶ 25]  Section 365 of the Bankruptcy Code requires the Debtors pay the balances owing under the Lease as cure. The Landlord objects to the extent that the Bid Procedures impose a greater burden on the Landlord than the Debtors with

respect to the cure amount. The Landlord should not have a duty to provide anything other than the charges that comprise the cure amount.

22. The proposed procedures provide that any objection to the cure amount will be addressed at the Sale Hearing but does not provide a framework under which the disputed or undisputed cure amount will be paid to the Landlord. The procedures should provide that any undisputed cure amount must be paid to the Landlord upon the entry of a sale order, regardless of whether there is a pending cure objection.

23. The procedures should also provide that any disputed cure amount must be reserved, in cash, at the highest amount asserted, pending an out-of-court resolution or judicial proceedings. If an out-of-court resolution cannot be reached, then there must be procedure in place for the Landlord to seek court intervention.

24. The Debtors or the assignee must also provide for the payment of the charges that have not been reconciled and/or adjusted from pre-petition (or even post-petition) periods. Assumption and assignment of the Lease does not terminate the Landlord's right to recover unbilled charges that have accrued, or continue to accrue, under the Lease. The Debtors must cure all existing defaults and compensate the Landlord for any actual pecuniary loss as a result of the defaults in order to assume the Lease under section 365 of the Bankruptcy Code. 11 U.S.C. § 365(b)(1)(A)-(B). *See Elkton Assoc. v. Shelco Inc.,* 107 B.R. 483, 487 (Bankr. D. Del. 1989). The sale order or Asset Purchase Agreement must provide a mechanism to escrow funds for any charges that remain the responsibility of the Debtors.

**H.     Sale to Backup Bidder**

25. The proposed Bid Procedures provide that the Debtors will be authorized to consummate the transaction with the Backup Bidder without further order of the Court. The

Landlord must be provided with notice of any sale to a Backup Bidder and provided time to assess adequate assurance information for the Backup Bidder.  Until such Backup Bidder is identified as the Successful Bidder and adequate assurance information has been provided to the Landlord, with at least five (5) business days to object following receipt of the information and notice of the proposed sale to the Backup Bidder, the Debtors should not be authorized to consummate a sale transaction, or the assignment of the Lease.

### **RESERVATION OF RIGHTS**

26.     The Landlord reserves its rights to amend and/or supplement this Objection and to raise any additional objections to the Motion at the hearing to consider the Motion.  In addition, this Objection is without prejudice to the Landlord's ability to raise further objections with respect to the Sale Hearing.

WHEREFORE, the Landlord respectfully requests that the Court modify the Bid Procedures to incorporate the objections raised herein and adequately protect the rights of the Landlord, and grant such further relief it deems necessary and appropriate.

Dated:  February 12, 2020

**COLE SCHOTZ P.C.**

*/s/ J. Kate Stickles*
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Email: kstickles@coleschotz.com
Email: preilley@coleschotz.com

Counsel to Seritage SRC Finance LLC