# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re:                                                                    **Case No. 20-10166**
**Lucky's Market Parent Company, LLC, et al.**

### INITIAL MONTHLY OPERATING REPORT
**File report and attachments with Court and submit copy to United States Trustee within 15 days after order for relief.**

Certificates of insurance must name United States Trustee as a party to be notified in the event of policy cancellation.
Bank accounts and checks must bear the name of the debtor, the case number, and the designation "Debtor in Possession."
Examples of acceptable evidence of Debtor in Possession Bank accounts include voided checks, copy of bank deposit
agreement/certificate of authority, signature card, and/or corporate checking resolution.

| REQUIRED DOCUMENTS | Document Attached | Explanation Attached |
|---|---|---|
| **12-Month Cash Flow Projection  (Form IR-1)** | X | |
| **Certificates of Insurance:** | X | |
| **Evidence of Debtor in Possession Bank Accounts** | X | |
| Other: | | |
| **Retainers Paid (Form IR-2)** | X | |
| | | |

I declare under penalty of perjury (28 U.S.C. Section 1746) that this report and the documents attached are true and
correct to the best of my knowledge and belief.


*/s/ Andrew T. Pillari*                                      2/10/2020
Signature of Debtor                                          Date



Signature of Joint Debtor                                    Date


 */s/ Andrew T. Pillari*                                     2/10/2020
Signature of Authorized Individual*                          Date

 Andrew T. Pillari
 Chief Financial Officer

Printed Name of Authorized Individual                        Title of Authorized Individual


*Authorized individual must be an officer, director or shareholder if debtor is a corporation; a partner if debtor is a
partnership; a manager or member if debtor is a limited liability company.

FORM IR
(4/07)

**Lucky's Market Parent Company, LLC, et al.**

**13-Week Cash Flow Forecast - Cash Collateral Budget**

**Exhibit A**

*(Dollars in Thousands)*

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | Weeks 1-13 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 2/1/2020 | 2/8/2020 | 2/15/2020 | 2/22/2020 | 2/29/2020 | 3/7/2020 | 3/14/2020 | 3/21/2020 | 3/28/2020 | 4/4/2020 | 4/11/2020 | 4/18/2020 | 4/25/2020 | |
| Proceeds from Sale of FF&E and Other Assets | 773 | 773 | 773 | - | - | - | - | - | - | - | - | - | - | 2,318 |
| Transaction Proceeds | - | - | - | - | - | - | - | 3,700 | - | - | - | - | - | 3,700 |
| **Total Receipts** | **13,741** | **8,170** | **8,231** | **1,888** | **1,885** | **1,860** | **1,957** | **5,604** | **-** | **-** | **-** | **-** | **-** | **43,335** |
| Inventory Purchases / Payments | (1,351) | (1,314) | (1,357) | (1,319) | (1,318) | (1,300) | (1,368) | (1,331) | | | | | | (10,658) |
| Salaries and Benefits | (3,644) | (498) | (9,124) | (985) | (1,380) | (38) | (684) | (38) | (750) | (63) | (113) | (30) | (86) | (17,432) |
| Direct Expenses | (625) | (875) | (377) | (127) | (127) | (95) | (98) | (96) | (20) | (1) | (1) | (1) | (1) | (2,446) |
| Indirect Expenses | (277) | (208) | (209) | (139) | (139) | (82) | (83) | (83) | (65) | (49) | (49) | (49) | (49) | (1,480) |
| Occupancy Expense | (2,865) | - | - | - | - | (397) | - | - | - | (72) | - | - | - | (3,334) |
| Marketing Expense | (310) | (176) | (178) | (44) | (44) | (43) | (46) | (44) | - | - | - | - | - | (885) |
| Liquidator Fees & Expenses | (286) | (286) | (286) | - | - | - | - | - | - | - | - | - | - | (857) |
| Sales Tax | - | - | - | (1,732) | - | - | - | (236) | - | - | - | (172) | - | (2,139) |
| Priority Tax Claims | - | - | - | (335) | - | - | - | - | - | - | - | - | - | (335) |
| PACA / PASA Claims | (196) | (196) | (196) | (196) | (196) | - | - | - | - | - | - | - | - | (978) |
| Utility Deposit | (204) | - | - | - | - | - | - | - | - | - | - | - | - | (204) |
| **Total Operating Disbursements** | **(9,758)** | **(3,553)** | **(11,726)** | **(4,878)** | **(3,204)** | **(1,955)** | **(2,279)** | **(1,828)** | **(834)** | **(185)** | **(163)** | **(252)** | **(136)** | **(40,749)** |
| **Net Cash Flow From Operations** | **3,983** | **4,618** | **(3,494)** | **(2,990)** | **(1,319)** | **(95)** | **(323)** | **3,776** | **(834)** | **(185)** | **(163)** | **(252)** | **(136)** | **2,586** |
| Professional Fees | - | - | - | - | - | - | - | - | - | - | (1,605) | - | (300) | (1,905) |
| **Net Cash Flow** | **3,983** | **4,618** | **(3,494)** | **(2,990)** | **(1,319)** | **(95)** | **(323)** | **3,776** | **(834)** | **(185)** | **(1,768)** | **(252)** | **(436)** | **681** |
| Beginning Cash | 15,000 | 18,983 | 23,600 | 20,106 | 17,116 | 15,797 | 15,702 | 15,380 | 19,156 | 18,321 | 18,136 | 16,368 | 16,117 | 15,000 |
| Net Cash Flow | 3,983 | 4,618 | (3,494) | (2,990) | (1,319) | (95) | (323) | 3,776 | (834) | (185) | (1,768) | (252) | (436) | 681 |
| **Ending Cash** | **$ 18,983** | **$ 23,600** | **$ 20,106** | **$ 17,116** | **$ 15,797** | **$ 15,702** | **$ 15,380** | **$ 19,156** | **$ 18,321** | **$ 18,136** | **$ 16,368** | **$ 16,117** | **$ 15,681** | **$ 15,681** |

# ACORD® CERTIFICATE OF LIABILITY INSURANCE

**DATE (MM/DD/YYYY)**
02/05/2020

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: | | |
|---|---|---|---|
| MARSH USA INC. 1225 17TH STREET, SUITE 1300 DENVER, CO 80202-5534 | PHONE (A/C, No, Ext): | | FAX (A/C, No): |
| | E-MAIL ADDRESS: | | |
| CN117115957-Cas-ALL-19-20 | **INSURER(S) AFFORDING COVERAGE** | | **NAIC #** |
| | INSURER A : Argonaut Great Central Ins Co | | 19860 |
| INSURED Lucky's Market Parent Company, LLC 6328 Monarch Park Place, Ste 100 Niwot, CO 80503 | INSURER B : Pinnacol Assurance | | 41190 |
| | INSURER C : Zurich American Insurance Company | | 16535 |
| | INSURER D : Great American Insurance Co. | | 16691 |
| | INSURER E : Argonaut Insurance Co | | 19801 |
| | INSURER F : | | |

## COVERAGES
**CERTIFICATE NUMBER:** SEA-003648623-01  **REVISION NUMBER:** 1

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | | |
|---|---|---|---|---|---|---|---|---|---|---|
| A E | X | COMMERCIAL GENERAL LIABILITY | | | FM940729800 | 08/01/2019 | 08/01/2020 | EACH OCCURRENCE | $ | 1,000,000 |
| | | CLAIMS-MADE [X] OCCUR | | | FM940729100 (FL, MT, WY) | 08/01/2019 | 08/01/2020 | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ | 1,000,000 |
| | | | | | | | | MED EXP (Any one person) | $ | EXCLUDED |
| | | | | | | | | PERSONAL & ADV INJURY | $ | 1,000,000 |
| | | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | | | GENERAL AGGREGATE | $ | 2,000,000 |
| | X | POLICY [ ] PRO-JECT [X] LOC | | | | | | PRODUCTS - COMP/OP AGG | $ | 2,000,000 |
| | | OTHER: | | | | | | | $ | |
| A E | X | AUTOMOBILE LIABILITY | | | BA940729800 | 08/01/2019 | 08/01/2020 | COMBINED SINGLE LIMIT (Ea accident) | $ | 1,000,000 |
| | X | ANY AUTO | | | BA940729100 (FL, MT, WY) | 08/01/2019 | 08/01/2020 | BODILY INJURY (Per person) | $ | |
| | | OWNED AUTOS ONLY [ ] SCHEDULED AUTOS | | | | | | BODILY INJURY (Per accident) | $ | |
| | X | HIRED AUTOS ONLY [X] NON-OWNED AUTOS ONLY | | | | | | PROPERTY DAMAGE (Per accident) | $ | |
| | | | | | | | | | $ | |
| D | X | UMBRELLA LIAB [X] OCCUR | | | UMB9999753 | 08/01/2019 | 08/01/2020 | EACH OCCURRENCE | $ | 25,000,000 |
| | | EXCESS LIAB [ ] CLAIMS-MADE | | | | | | AGGREGATE | $ | 25,000,000 |
| | | DED [X] RETENTION $ 10,000 | | | | | | | $ | |
| B C | | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY  Y / N | | | 4185378 (CO) | 08/01/2019 | 08/01/2020 | [X] PER STATUTE [ ] OTH-ER | | |
| | | ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? [N] | N/A | | WC007992404 (OSC) | 08/01/2019 | 08/01/2020 | E.L. EACH ACCIDENT | $ | 1,000,000 |
| | | (Mandatory in NH) If yes, describe under | | | | | | E.L. DISEASE - EA EMPLOYEE | $ | 1,000,000 |
| | | DESCRIPTION OF OPERATIONS below | | | | | | E.L. DISEASE - POLICY LIMIT | $ | 1,000,000 |
| A E | | Liquor Liability | | | FM940729800 | 08/01/2019 | 08/01/2020 | Limit | | 1,000,000 |
| | | | | | FM940729100 (FL, MT, WY) | 08/01/2019 | 08/01/2020 | Aggregate | | 1,000,000 |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Office of The United States Trustee Region 3 844 King Street Suite 2207 Lockbox 35 Wilmington, DE 19801 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. |
| | AUTHORIZED REPRESENTATIVE of Marsh USA Inc. |
| | Amy G. Walters      *Amy G. Walters* |

© 1988-2016 ACORD CORPORATION. All rights reserved.

ACORD 25 (2016/03)          The ACORD name and logo are registered marks of ACORD

AGENCY CUSTOMER ID:  CN117115957
LOC #:  San Francisco

**ACORD®**

## ADDITIONAL REMARKS SCHEDULE

Page  2  of  2

| AGENCY | | NAMED INSURED |
| --- | --- | --- |
| MARSH USA INC. | | Lucky's Market Parent Company, LLC |
| **POLICY NUMBER** | | 6325 Monarch Park Place, Ste 100 |
| | | Niwot, CO  80503 |
| **CARRIER** | **NAIC CODE** | |
| | | **EFFECTIVE DATE:** |

**ADDITIONAL REMARKS**

THIS ADDITIONAL REMARKS FORM IS A SCHEDULE TO ACORD FORM,

**FORM NUMBER:**   25    **FORM TITLE:**  Certificate of Liability Insurance

Employment Practices Liability
Carrier: Beazley Group
Policy Number: B0509FINMW1901167
Effective Date: 08/01/2019
Expiration Date: 08/01/2020
Limit: $1,000,000
SIR Value: $50,000

**ACORD 101 (2008/01)**

© 2008 ACORD CORPORATION.  All rights reserved.
The ACORD name and logo are registered marks of ACORD

**ACORD®**

# EVIDENCE OF PROPERTY INSURANCE

DATE (MM/DD/YYYY)
2/5/2020

THIS EVIDENCE OF PROPERTY INSURANCE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE ADDITIONAL INTEREST NAMED BELOW. THIS EVIDENCE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS EVIDENCE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE ADDITIONAL INTEREST,

| AGENCY | PHONE (A/C, No, Ext): (866) 283-7122 | COMPANY |
|---|---|---|
| Aon Risk Services Central Inc.<br>Chicago IL Office<br>200 East Randolph<br>Chicago, IL 60601 | | See Attached |
| FAX (A/C, No): (847) 953-5390 | E-MAIL ADDRESS: | |
| CODE: | SUB CODE: | |
| AGENCY CUSTOMER ID#: | | |

| INSURED | | | |
|---|---|---|---|
| Lucky's Market<br>A Subsidiary of The Kroger Co.<br>1014 Vine Street<br>Cincinnati, OH 45202 | LOANNUMBER | | POLICYNUMBER<br>See Attached |
| | EFFECTIVE DATE<br>6/30/2019 | EXPIRATION DATE<br>6/30/2020 | CONTINUED UNTIL<br>TERMINATED IF CHECKED |
| | THIS REPLACES PRIOR EVIDENCE DATED: | | |

## PROPERTY INFORMATION

**LOCATION/DESCRIPTION**
Re: Lucky's Market

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS EVIDENCE OF PROPERTY INSURANCE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| COVERAGE   INFORMATION | PERIL/S INSURED | BASIC | BROAD | X SPECIAL | | |
|---|---|---|---|---|---|---|

| COVERAGE / PERILS / FORMS | AMOUNT OF INSURANCE | DEDUCTIBLE |
|---|---|---|
| All Risk of direct physical loss or damage to real property on replacement cost basis, subject to policy<br>terms, conditions and exclusions. Coverage includes, but is not limited to fire, extended perils such as<br>vandalism, malicious mischief, flood, earthquake and boiler & machinery, business interruption,<br>extra expense, and rents- ALS 12 months.<br>Replacement Cost; Co-insurance does not apply.<br>Terrorism coverage is included.<br>Building Ordinance is included<br>Windstorm is included<br>Coverage includes Plate Glass and Property-BPP Tenants Improvements<br>Waiver of Subrogation is included if such rights are waived by written contract prior to the loss by the insured. | 10,000,000 | 1,000,000 |

### REMARKS (Including Special Conditions)

Office of The United States Trustee is included as a notice party on the Property policy. A Waiver of Subrogation is granted in favor of Additional Insured in accordance with the policy provisions of the Property policy.

| CANCELLATION | 19-20  Acord 27 Property | 26604 |
|---|---|---|

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

## ADDITIONAL INTEREST

| NAME AND ADDRESS | X ADDITIONAL INSURED | LENDER'S LOSS PAYABLE | LOSS PAYEE |
|---|---|---|---|
| Office of The United States Trustee<br>Region 3<br>844 King Street<br>Suite 2207<br>Lockbox 35<br>Wilmington, DE 19801 | MORTGAGEE<br>LOAN #<br>AUTHORIZED REPRESENTATIVE<br>*Aon Risk Services Central Inc.* | | |

ACORD 27 (2016/03)

© 1993-2015 ACORD CORPORATION. All rights reserved.

The ACORD name and logo are registered marks of ACORD

AGENCY CUSTOMER ID: _____
LOC #: _____

**ACORD®**

## ADDITIONAL REMARKS SCHEDULE

Page  of

| AGENCY | | NAMED INSURED |
|---|---|---|
| Aon Risk Services Central, Inc.<br>Chicago IL Office<br>200 East Randolph<br>Chicago, IL  60601 | | |

| POLICY NUMBER | | |
|---|---|---|

| CARRIER | NAIC CODE | |
|---|---|---|
| | | EFFECTIVE DATE:  6/30/2019– 6/30/2020 |

**ADDITIONAL REMARKS**

THIS ADDITIONAL REMARKS FORM IS A SCHEDULE TO ACORD FORM,

FORM NUMBER: 27 FORM TITLE: Evidence of Property Insurance

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (Attach ACORD 101, Additional Remarks Schedule, if more space is required)

Policy # TOP 9267598-09 Zurich American Insurance Company

   Participation:  Zurich American Insurance Company and policies issued by other participating reinsurers.

Policy # 337-1-PRO017 – NAIC Code 11364 – Vine Court Assurance Incorporated

Policy # 337-1-DED014 – NAIC Code 11364 – Vine Court Assurance Incorporated

This certificate is being generated in an administrative capacity on behalf of those Aon intermediaries and affiliates that manage/arrange the coverages described herein.

The Kroger Co. or its designee will endeavor to mail 30 days' notice of cancellation (or 10 days for non-payment) to the certificate holder.  Such notice is not a right or obligation within the policies. it does not alter or amend any coverage, it will not extend policy cancellation date and it will not negate any cancellation of the policy.  Failure to provide a copy of such notice to the Certificate Holder shall impose no obligation or liability of any kind upon the insurer or its agents or representatives.

ACORD 101 (2008/01)                          © 2008 ACORD CORPORATION.  All rights reserved.
The ACORD name and logo are registered marks of ACORD

### SCHEDULE 1

**Schedule of Debtor Bank Accounts**

| Financial Institution | Account Number (Last 4 Digits) | Account Holder | Account Type |
|---|---|---|---|
| Chase Bank | (0015) | Lucky's Market Parent Company, LLC | Operating |
| Chase Bank | (1898) | Lucky's Farmers Markets Holdings LLC | Disbursement/ZBA |
| Chase Bank | (2526) | Lucky's Farmers Market, LP | Disbursement/ZBA |
| Chase Bank | (3621) | Sinoc, Inc. | Disbursement and Deposits/ZBA |
| Chase Bank | (5873) | Sinoc, Inc. | Disbursement/ZBA |
| Chase Bank | (5580) | Lucky's Market Parent Company, LLC | Disbursement/ZBA |
| Chase Bank | (5979) | Lucky's Market Parent Company, LLC | Disbursement/ZBA |
| Chase Bank | (6765) | Lucky's Market Operating Company LLC | Holding Account for Liquor License |
| Chase Bank | (2517) | Lucky's Farmers Market, LP | EB-5 |
| Chase Bank | (3515) | Lucky's Farmers Market, LP | EB-5 |
| Chase Bank | (9653) | Lucky's Market 2, LP | EB-5 |
| Chase Bank | (9905) | Lucky's Market 2, LP | EB-5 |
| Stockman Bank of Montana | (0881) | Lucky's Farmers Market of Billings, LLC | Cash Deposit – Billings Store |
| Stockman Bank of Montana | (5663) | Lucky's Market Operating Company, LLC | Cash Deposit – Missoula Store |
| MetaBank | (9899) | Lucky's Market Parent Company, LLC | Reserve Account for Employee Cash Card Transactions |
| SunTrust Bank | (9995) | Lucky's Farmers Market, LP | Restricted Cash – EB-5 |
| Signature Bank | (6233) | Lucky's Market 2, LP | Restricted Cash – EB-5 |

## SCHEDULE 2

## Diagram of Cash Management System



**Lucky's Market Parent Company, LLC, et al.**  Case No. 20-10166
    Debtor

**INITIAL MONTHLY OPERATING REPORT**
**Schedule of Retainers Paid to Professionals**

| Payee | Check / Wire | | Name of Payor | Amount | Amount Applied to Date [1] | Balance [1] |
|---|---|---|---|---|---|---|
| | Date | Wire Number | | | | |
| Alvarez and Marsal LLC | 1/7/2020 | | Lucky's Market Parent Company, LLC, et al. | 400,000 | - | 400,000 |
| | | | | | | |
| Polsinelli | 1/15/2020 | | Lucky's Market Parent Company, LLC, et al. | 200,000 | - | 200,000 |
| | | | | | | |
| Omni Agent Solutions, Inc | 1/15/2020 | | Lucky's Market Parent Company, LLC, et al. | 25,000 | - | 25,000 |
| | | | | | | |
| PJ Solomon | 8/1/2019 | | Lucky's Market Parent Company, LLC, et al. | 150,000 | | 150,000 |
| | | | | | | |
| Hahn & Hessen | | | | - | | - |
| | | | | | | |
| Klehr Harrison | | | | - | | - |
| | | | | | | |
| Norton Rose | | | | - | | - |
| | | | | | | |
| Province | | | | - | | - |

**Footnotes**
[1] Amount applied to Date and Balance exclude any change from collections in excess of billings

FORM MOR-1b
(04/07)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LUCKY'S MARKET PARENT COMPANY, LLC, *et al.*,[1] | Case No. 20-10166 (JTD) |
| Debtors. | (Joint Administration Pending) |
| | **Re: Docket No. 5** |

## INTERIM ORDER AUTHORIZING (I) CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, INCLUDING MAINTENANCE OF EXISTING BANK ACCOUNTS, CHECKS, AND BUSINESS FORMS, AND (II) CONTINUATION OF EXISTING DEPOSIT PRACTICES AND RELATED RELIEF

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an interim order (this "**Interim Order**"), pursuant to Bankruptcy Code sections 105(a), 363, and 364, Bankruptcy Rules 6003 and 6004, and Local Rule 2015-2 (i) authorizing, but not directing, the Debtors to continue to maintain and use their existing Cash Management System, including maintenance of the Debtor Bank Accounts and existing checks and business forms, (ii) granting the Debtors a temporary suspension of certain bank account and related requirements of the U.S. Trustee to the extent that such requirements are inconsistent with the Debtors' practices under their Cash Management System or other actions described in the Motion or this Interim Order, (iii) authorizing, but not

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Lucky's Market Parent Company, LLC (2055), Lucky's Farmers Market Holding Company, LLC (5480), Lucky's Market Operating Company, LLC (7064), LFM Stores LLC (3114), Lucky's Farmers Market, LP (0828), Lucky's Farmers Market Resource Center, LLC (7711), Lucky's Market Holding Company 2, LLC (0607), Lucky's Market GP 2, LLC (9335), Lucky's Market 2, LP (8384), Lucky's Market of Longmont, LLC (9789), Lucky's Farmers Market of Billings, LLC (8088), Lucky's Farmers Markets of Columbus, LLC (3379), Lucky's Farmers Market of Rock Hill, LLC (3386), LFM Jackson, LLC (8300), Lucky's Farmers Market of Ann Arbor, LLC (4067), Lucky's Market of Gainesville, LLC (7877), Lucky's Market of Bloomington, LLC (3944), Lucky's Market of Plantation, LLC (4356), Lucky's Market of Savannah, GA, LLC (1097), Lucky's Market of Traverse, City, LLC (2033), Lucky's Market of Naples, FL, LLC (8700), and Sinoc, Inc. (0723).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

directing, the Debtors to continue to maintain and use their existing deposit practices, (iv) authorizing the Debtors to pay ordinary course Service Charges, including prepetition fees, and the accrued and unpaid Armored Car Service Obligations, (v) authorizing the Debtors to pay their pre-petition Corporate Card Obligations and continue using and paying the Corporate Credit Cards in the ordinary course of business, and (vi) authorizing and directing all banks with which the Debtors maintain accounts to continue to maintain, service, and administer such accounts and authorize third-party payroll and benefits administrators and providers to prepare and issue checks on behalf of the Debtors; and the Court having reviewed the Motion and the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Debtors consent to entry of a final order under Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED on an interim basis, as set forth herein.

2. The Debtors are authorized to continue to use their existing Cash Management System, as described in the Motion, and shall maintain detailed records reflecting all transfers of funds under the terms and conditions provided for by the existing agreements with the institutions participating in the Cash Management System, except as modified by this Interim Order. The Debtors shall maintain records with respect to all transactions and transfers, including but not

2

limited to intercompany transfers between the Debtors, so that all transactions can be readily ascertained, traced, properly recorded, and distinguished between prepetition and postpetition transactions, and shall include a detailed accounting of intercompany transactions between the Debtors in the Debtors' monthly operating reports.

3.      The Debtors are authorized to (i) continue to use any and all of the Debtor Bank Accounts in existence as of the Petition Date that are set forth on Schedule 1 to the Motion, in the same manner and with the same account numbers, styles, and document forms as are currently employed, (ii) deposit funds in and withdraw funds from the Debtor Bank Accounts in the ordinary course by all usual means, including checks, wire transfers, drafts, and electronic fund transfers or other items presented, issued, or drawn on the Debtor Bank Accounts, (iii) pay ordinary course Service Charges in connection with the Debtor Bank Accounts, including any fees arising prior to the Petition Date, (iv) pay the accrued and unpaid Armored Car Service Obligations, (v) pay the accrued and unpaid Corporate Card Obligations, (vi) perform their obligations under the documents and agreements governing the Debtor Bank Accounts, and (vii) for all purposes, treat the Debtor Bank Accounts as accounts of the Debtors in their capacities as debtors in possession.

4.      The Debtors are authorized to continue using the Corporate Cards in accordance with the Debtors' stated policies and prepetition practices.

5.      In each instance where the Debtors hold Debtor Bank Accounts at banks that are party to a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), within fifteen (15) days of entry of this Interim Order, the Debtors shall (i) contact each bank, (ii) provide the bank with the Debtors' employer identification numbers, and (iii) identify each of the Debtor Bank Accounts held at such banks as being held by a debtor in possession in a bankruptcy case and provide the case number.

72126662.2

6.      For accounts held by the Debtors at banks that are not party to a Uniform Depository Agreement with the U.S. Trustee, including Stockman and Meta, the Debtors shall use their good faith efforts to cause the banks to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee within thirty (30) days of date of this Order. The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully reserved.

7.      Pursuant to Local Rule 2015-2(a), the Debtors are authorized to continue to use their existing checks, correspondence, and other business forms without alteration or change and without the designation "Debtor in Possession" or a bankruptcy case number imprinted upon them. Notwithstanding the foregoing, once a Debtors' existing checks have been used, the Debtors shall, when reordering checks, require the designation "Debtor in Possession" and the corresponding bankruptcy case number on all checks; provided that, with respect to checks that the Debtors or their agents print themselves, the Debtors shall begin printing the "Debtor in Possession" legend and the bankruptcy case number on such items within ten (10) days of the date of entry of this Interim Order.

8.      The Debtors are authorized to continue to utilize all third-party providers necessary for the administration of their Cash Management System, including their payroll processor, Ceridian. In addition, the Debtors are authorized, but not directed, to pay all prepetition or postpetition amounts due to such third-party providers.

9.      *Nunc pro tunc* to the Petition Date, and subject to the terms of this Interim Order or other order of this Court, the Banks are authorized and directed to continue to administer, service, and maintain the Debtor Bank Accounts as such accounts were administered, serviced, and

4

maintained prepetition, without interruption and in the ordinary course (including making deductions for Bank Fees), and, when requested by the Debtors in their sole discretion, to honor any and all checks, drafts, wires, electronic fund transfers, or other items presented, issued, or drawn on the Debtor Bank Accounts on account of a claim against the Debtors arising on or after the Petition Date; provided, however, that unless otherwise ordered by the Court, no checks, drafts, electronic funds transfers (excluding any electronic funds transfer that the Banks are obligated to settle), or other items presented, issued, or drawn on the Debtor Bank Accounts on account of a claim against the Debtors arising prior to the Petition Date shall be honored. For further clarification, without prior order of this Court, the Banks are prohibited from altering services and administrative functions relating to the Debtor Bank Accounts as such services and administrative functions existed as of the Petition Date.

10.     If the relief requested herein is granted, the Debtors will implement appropriate mechanisms to ensure that no payments will be made on any debts incurred by the Debtors prior to the Petition Date, other than those authorized by this order of the Court, including any order approving use of cash collateral (the "**Cash Collateral Order**"). The Banks shall implement reasonable handling procedures designed to effectuate the terms of this Interim Order. No Bank that implements such handling procedures and then honors a prepetition check or item drawn on any account that is the subject of this Interim Order (i) at the direction of the Debtors to honor such prepetition check or item, (ii) in the good faith belief that the Court has authorized such prepetition check or item to be honored, or (iii) as a result of a good faith error made despite implementation of such handling procedures, shall be deemed to be liable to the Debtors or their estates on account of such prepetition check or item being honored postpetition or otherwise in violation of this Interim Order.

5

11.     The Debtors are authorized to implement such reasonable, non-material changes, consistent with this Interim Order, to the Cash Management System as the Debtors may deem necessary or appropriate, provided that any material changes to the Cash Management System must be acceptable to the Prepetition Secured Lender in its discretion, in accordance with the Cash Collateral Order. The Debtors may close any of the Debtor Bank Accounts, or open any New Accounts wherever the Debtors deem that such accounts are needed or appropriate. Notwithstanding the foregoing, the Debtors shall open such New Account(s) at banks that have executed a Uniform Depository Agreement with the U.S. Trustee, or at such banks that are willing to immediately execute such an agreement, and any New Account that the Debtors open shall be (i) with a bank that is organized under the laws of the United States of America or any state therein, and that is insured by the FDIC, and (ii) designated a "Debtor in Possession" account by the relevant bank. The New Accounts are deemed to be Debtor Bank Accounts and are similarly subject to the rights, obligations, and relief granted in this Interim Order. The Banks are authorized to honor the Debtors' requests to open or close (as the case may be) such Debtor Bank Account(s) or New Account(s). In the event that the Debtors open or close any Debtor Bank Account(s) or New Account(s), such opening or closing shall be timely indicated on the Debtors' monthly operating reports and the Debtors shall give fifteen (15) days prior notice to the U.S. Trustee, counsel to the Prepetition Secured Lender, and counsel to any official committee of unsecured creditors appointed in these Chapter 11 Cases before opening or closing accounts. This period may be shortened by agreement with all parties.

12.     The requirement to establish separate accounts for cash collateral and/or tax payments is hereby waived.

72126662.2

13.     Notwithstanding the relief granted in this Interim Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with the applicable budget and the Debtors' authorization to use cash collateral.

14.     Despite the Debtors' use of a consolidated Cash Management System, the Debtors shall calculate any quarterly fees due under 28 U.S.C. § 1930(a)(6) based on the disbursements of each debtor, regardless of who pays those disbursements.

15.     Neither the provisions contained herein, nor any actions or payments made by the Debtors pursuant to this Interim Order, shall be deemed an admission as to the validity of the underlying obligation or a waiver of any rights the Debtors may have to dispute such obligation on any ground that applicable law permits.

16.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003.

17.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Interim Order shall be effective and enforceable immediately upon entry hereof.

18.     The Debtors are hereby granted an extension of time to comply with the requirements of 11 U.S.C. § 345(b) for a period of thirty (30) days from the date of this Order, without prejudice to the Debtors' rights to seek a further waiver.

19.     The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Interim Order.

20.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Interim Order.

21.     The final hearing to consider the entry of a final order granting the relief requested in the Motion shall be held on **February 26, 2020, at 10:00 a.m.** Prevailing Eastern Time.

22.     Any objection to the entry of a final order granting the relief requested in the Motion shall be filed with the Court and served, no later than 4:00 p.m. seven (7) calendar days prior to the commencement of the final hearing, on (a) Lucky's Market Parent Company, LLC, 6328 Monarch Park Place, Niwot, CO 80503, Attn: Maria Woods (mariaw@luckysmarket.com); (b) proposed counsel to the Debtors, Polsinelli PC, 222 Delaware Avenue, Suite 1101, Wilmington, Delaware 19801, Attn: Christopher A. Ward (cward@polsinelli.com); (c) counsel to the official committee of unsecured creditors, if one is appointed; and (d) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Timothy Fox (timothy.fox@usdoj.gov).

23.     Nothing in the Motion or this Interim Order, or the Debtors' payment of any claims pursuant to this Interim Order, shall be deemed or construed as: (i) an admission as to the validity of any claim or lien against the Debtors or their estates, (ii) a waiver of the Debtors' rights to dispute any claim or lien, (iii) an approval or assumption of any agreement, contract, or lease pursuant to Bankruptcy Code section 365, (iv) an admission of the priority status of any claim, whether under Bankruptcy Code section 503(b)(9) or otherwise, or (v) a modification of the Debtors' rights to seek relief under any section of the Bankruptcy Code on account of any amounts owed or paid to any third party.

**Dated: January 28th, 2020**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**

8

72126662.2