# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LUCKY'S MARKET PARENT COMPANY, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10166 (JTD)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 186**<br><br>**Objection Deadline: February 19, 2020 at 11:00 a.m. ET**<br>**Hearing Date:  February 19, 2020 at 11:00 a.m. ET** |

### LIMITED OBJECTION OF BENDERSON DEVELOPMENT CO., LLC, REGENCY CENTERS, L.P., SITE CENTERS CORP., AND TLM REALTY CORP. TO MOTION OF DEBTORS FOR ENTRY OF AN ORDER APPROVING GLOBAL BID PROCEDURES

Benderson Development Co., LLC, Regency Centers, L.P., SITE Centers Corp., and TLM Realty Corp. (collectively, the "Landlords"), by and through their undersigned counsel, Kelley Drye & Warren LLP, submit this limited objection (the "Objection") to the *Motion of Debtors for Entry of (I) an Order (A) Approving Global Bid Procedures in Connection with the Sale of the Remainder of Debtors' Assets, (B) Scheduling an Auction and Sale Hearing, (C) Approving the Form and Manner of Notice Thereof, (D) Approving Procedures for the Assumption and Assignment of Contracts and Leases, and (E) Granting Related Relief; and (II) an Order (A) Approving the Sale of the Remainder of the Debtors' Assets Free and Clear of All*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Lucky's Market Parent Company, LLC (2055), Lucky's Farmers Market Holding Company, LLC (5480), Lucky's Market Operating Company, LLC (7064), LFM Stores LLC (3114), Lucky's Farmers Market, LP (0828), Lucky's Farmers Market Resource Center, LLC (7711), Lucky's Market Holding Company 2, LLC (0607), Lucky's Market GP 2, LLC (9335), Lucky's Market 2, LP (8384), Lucky's Market of Longmont, LLC (9789), Lucky's Farmers Market of Billings, LLC (8088), Lucky's Farmers Markets of Columbus, LLC (3379), Lucky's Farmers Market of Rock Hill, LLC (3386), LFM Jackson, LLC (8300), Lucky's Farmers Market of Ann Arbor, LLC (4067), Lucky's Market of Gainesville, LLC (7877), Lucky's Market of Bloomington, LLC (3944), Lucky's Market of Plantation, LLC (4356), Lucky's Market of Savannah, GA, LLC (1097), Lucky's Market of Traverse, City, LLC (2033), Lucky's Market of Naples, FL, LLC (8700), and Sinoc, Inc. (0723).
.

*Liens, Claims, Encumbrances, and Interests, (B) Authorizing the Assumption and Assignment of Contracts and Leases, and (C) Granting Related Relief* (the "Motion")[2] filed by the above-captioned debtors (the "Debtors"). In support of this Objection, the Landlords respectfully state as follows:[3]

## PRELIMINARY STATEMENT

1. The Debtors' new proposed timeline includes the following dates:

| Date | Event |
| --- | --- |
| March 19, 2020 at 4:00 p.m. (ET) | Bid Deadline |
| March 24, 2020 at 10:00 a.m. (ET) | Auction |
| Conclusion of Auction | Debtors to file Notice of Successful Bidder |
| March 24, 2020 | Debtors to provide Successful Bidder's adequate assurance information to counterparties |
| Two business days after Auction, but before Sale Hearing | Deadline to object to adequate assurance |
| March 26, 2020 (time TBD) | Sale Hearing |

The Landlords object to this proposed sale process because it deprives them of any reasonable opportunity to review and analyze the financial condition and operating performance of any proposed assignee(s) and prepare an objection, if necessary. The Landlords submit this Objection to request a fair amount of time to assess any proposed assignee(s) for their leases.

## BACKGROUND

2. The Landlords are the owners or managing agents for the owners of numerous shopping centers located throughout the United States. The Debtors lease retail space from the Landlords pursuant to written leases (each a "Lease" and, collectively, the "Leases") for the stores at the locations listed on the attached Exhibit A (collectively, the "Leased Premises"). The Leased Premises are located in shopping centers as that term is used in section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990).

---

[2] Docket No. 186.

3. On January 27, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code with this Court.

4. The Debtors remain in possession of their properties and continue to manage their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. Between January 21 and February 4, 2020, the Debtors filed six bidding procedures motions, each styled as a *Motion of Debtors for Entry of (I) an Order (A) Approving Bid Procedures in Connection with the Potential Sale of Certain of the Debtors' Assets, (B) Scheduling an Auction and a Sale Hearing, (C) Approving the Form and Manner of Notice Thereof, (D) Authorizing the Debtors to Enter into the Stalking Horse Agreement, (E) Approving Bid Protections, (F) Approving Procedures for the Assumption and Assignment of Contracts and Leases, and (G) Granting Related Relief; and (II) an Order (A) Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (B) Authorizing the Assumption and Assignment of Contracts and Leases, and (C) Granting Related Relief*, in connection with proposed sales to Publix Super Markets, Inc.,[4] Aldi Inc.,[5] Seabra Foods XIV, Inc.,[6] LM Acquisition Co. LLC,[7] Winn-Dixie Stores, Inc.,[8] and Carlos Alvarez[9] (collectively, the "Bid Procedures Motions").

6. On February 12, 2020, the Landlords objected to the Bid Procedures Motions by filing the *Omnibus Limited Objection of Benderson Development Company, LLC, Regency Centers, L.P., SITE Centers Corp., and TLM Realty Corp. to Debtors' Motions for*

---

[3] Capitalized terms used, but not defined, herein shall have the meanings ascribed to them in the Motion.
[4] Docket No. 63, filed January 3, 2020.
[5] Docket No. 71, filed January 31, 2020.
[6] Docket No. 72, filed January 31, 2020.
[7] Docket No. 73, filed January 31, 2020.
[8] Docket No. 97, filed February 4, 2020.
[9] Docket No. 98, filed February 4, 2020.

*Orders Approving Bid Procedures in Connection with the Potential Sale of Certain of the Debtors' Assets.*[10]

7. On February 13, 2020, the Debtors filed the Motion. The Motion seeks to establish, among other things, global bidding procedures (the "Bidding Procedures") for the sale of the Debtors' assets, including the Leases, procedures for the assumption and assignment (the "Assignment Procedures") of the Leases to the party (the "Proposed Assignee") with the highest and best bid at an auction, procedures (the "Cure Procedures") for the cure of defaults under the Leases, and a timeline for the bidding and sale process.

## ARGUMENT

### I. THE BIDDING PROCEDURES

**(A) The Bidding Procedures Should Require That Bidders Timely Provide Adequate Assurance Of Future Performance Information To Be Considered "Qualified Bidders"**

8. In connection with the assumption and assignment of leases, shopping center landlords are afforded special statutory protections under the Bankruptcy Code in the form of adequate assurance of future performance. *In re Joshua Slocum*, 922 F.2d 1086; *In re Trak Auto Corp.*, 277 B.R. 655 (Bankr. E.D. Va. 2002). Section 365(f)(2) provides:

> The trustee may assign an executory contract or unexpired lease of the debtor only if–
>
> (A) the trustee assumes such contract or lease in accordance with the provisions of this section; and
>
> (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

11 U.S.C. § 365(f)(2).

9. Section 365(b)(1) of the Bankruptcy Code further provides:

---

[10] Docket No. 174.

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee–
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default…;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

10. In connection with a shopping center lease, adequate assurance of future performance includes adequate assurance

> (A) of the source of rent… due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee… shall be similar to the financial condition and operating performance of the debtor…as of the time the debtor became the lessee under the lease;
>
> (B) that any percentage rent due under such lease will not decline substantially;
>
> (C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision…, and
>
> (D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. § 365(b)(3).

11. The Debtors bear the burden of proving adequate assurance of future performance in connection with the potential assumption and assignment of the Leases. *In re F.W. Restaurant Assoc., Inc.*, 190 B.R. 143 (Bankr. D. Conn. 1995); *In re Rachels Indus. Inc.*,

5

109 B.R. 797, 802 (Bankr. W.D. Tenn. 1990); *In re Lafayette Radio Electronics Corp.*, 12 B.R. 302, 312 (Bankr. E.D.N.Y. 1981).

        12.    While the proposed bidding procedures require bidders to demonstrate their financial capacity and provide adequate assurance of future performance information in connection with the potential assumption and assignment of the Leases, the procedures do not sufficiently specify the type of information that is necessary to do so. The bidding procedures should provide that bidders are required to submit all of the following items (collectively, the "Adequate Assurance Information"):

    a.    The exact name of the entity that will be designated as the Proposed Assignee of the Leases and any guarantor;

    b.    Audited (or un-audited, if audited is not available) financial statements and any supplemental schedules for the calendar or fiscal years ended 2017, 2018, and 2019 for both the Proposed Assignee and any guarantors;

    c.    Any and all documents regarding the Proposed Assignee's and any guarantor's experience operating grocery stores in shopping centers;

    d.    The number of grocery stores the Proposed Assignee and any guarantor operates and all trade names used;

    e.    The Proposed Assignee's and any guarantor's 2020 and 2021 business plans including sales and cash flow projections; and

    f.    Any financial projections, calculations, and/or financial *pro-formas* prepared in contemplation of purchasing the Leases.

The Landlords may also need similar information for the Debtors in the years when the Debtors entered into the Leases to appropriately evaluate the ability of a Proposed Assignee to provide adequate assurance of future performance.

13. The Bidding Procedures should require that, in order to be considered a Qualified Bidder, a potential bidder must be required to submit the Adequate Assurance Information by the Bid Deadline. The Debtors should then be required to forward that information by e-mail to the Landlords and their counsel within twenty-four (24) hours of receiving it and, in any event, no later than twenty-four (24) hours after the Bid Deadline. As to a proposed lease assumption and assignment that is contested by a Landlord, the Sale Hearing should proceed only as a status conference. A full evidentiary hearing, if necessary, should be set to occur no sooner than twenty-one (21) calendar days after the Sale Hearing.

14. Furthermore, the Landlords should be required to keep confidential any financial information from a potential assignee and the Landlords should be permitted to file an objection to such information, if necessary, under seal without further order of the Court.

**(B)** **The Bidding Procedures Should Permit The Landlords To Attend The Auction And Submit Bids For Their Respective Leases**

15. To the extent that the Debtors seek to assume and assign any of the Leases pursuant to the Bidding Procedures, the Landlords should be permitted to submit bids for their respective Leases and should not be required to comply with the bid requirements, such as the provision of a cash deposit. Bids from landlords typically benefit the bankruptcy estate because they absolve the Debtors of liability for the rejection damages that could be due to the applicable landlord under section 502(b)(6) of the Bankruptcy Code. Therefore, Landlords should automatically be considered qualified bidders for their own Leases.

16. If an Auction is held, the Landlords should be permitted to attend upon notice to the Debtors of the attendees' names and contact information.

## II. THE ASSIGNMENT PROCEDURES

### (A) The Landlords Must Have Sufficient Time To Analyze And Object To The Adequate Assurance Of Future Performance Information Of The Proposed Assignee

17. The Assignment Procedures state that the Landlords must object to "the proposed form of adequate assurance of future performance" by March 14, 2020 at 4:00 p.m. (ET).[11] Presumably the Debtors intend this to be the deadline for landlords to object to the adequate assurance information of the Stalking Horse Purchasers, and, if so, the Assignment Procedures should specify as such. To provide the Landlords with sufficient time to review and potentially object, the Assignment Procedures should further state that the Debtors will provide to Landlords and their counsel, via email, Adequate Assurance Information[12] for the Stalking Horse Purchasers by February 21, 2020, at 4:00 p.m. (ET).

18. The Assignment Procedures state that the Landlords must object to adequate assurance of future performance information no later than two (2) business days after the conclusion of the Auction, and before the start of the Sale Hearing.[13] Presumably the Debtors intend this to be the deadline for landlords to object to the adequate assurance information of non-stalking horse purchasers, and, if so, the Assignment Procedures should specify as such. The Assignment Procedures state that the Debtors will provide the Landlords with the Successful Bidder's assurance of future performance information by March 24, 2020.[14] There is no reason why the Landlords should have to wait until after the Auction to receive the Qualified Bidders' adequate assurance information. The Assignment Procedures should state

---

[11] *See* ¶ 19 of proposed global bid procedures order at <u>Exhibit A</u> to Motion.
[12] As defined in Section I(A), above.
[13] *See* ¶ 19 of proposed global bid procedures order at <u>Exhibit A</u> to Motion.
[14] *See* ¶ 17 of proposed global bid procedures order at <u>Exhibit A</u> to Motion.

that the Debtors will provide to Landlords and their counsel, via email, Adequate Assurance Information for all Qualified Bidders no later than twenty-four (24) hours after the Bid Deadline.

19. The Debtors propose conducting an Auction on March 24, 2020 at 10:00 a.m. (ET) and filing a notice of Successful Bidder the same day, at the conclusion of the Auction. Objections to the adequate assurance of future performance of a Successful Bidder are due before the Sale Hearing (which the Debtors seek to schedule for March 26, 2020 at a time to be determined).[15] This means the Landlords will have only one full business day after learning the identity of the Successful Bidder to assess the Proposed Assignee and prepare an objection. As such, the Landlords will be forced to complete the following tasks in that extremely expedited timeframe: (i) assess any Proposed Assignee(s) and related adequate assurance information; (ii) determine whether the Proposed Assignee(s)' use of the Leased Premises will violate any radius, use, location, or exclusivity provisions in the Leases; (iii) conduct discovery; (iv) draft an objection; and (v) prepare for a contested hearing. This timeline provides an inadequate window during which the Landlords must assess the Proposed Assignee(s) and its adequate assurance information and determine if an objection must be brought. The Landlords request additional time to file their objections and propose that such objections be due before or at the time of the Sale Hearing, which the Landlords propose extending to March 31, 2020. This will still give the Landlords only four (4) full business days to assess the adequate assurance information and prepare an objection, if necessary, which the Landlords assert appropriately balances the harms to the Landlords and these estates.

20. Accordingly, the Landlords propose the following schedule concerning the assumption and assignment of leases:

---

[15] *See* ¶ 19 of proposed global bid procedures order at <u>Exhibit A</u> to Motion.

| Date | Event |
|---|---|
| February 21, 2020 at 4:00 p.m. (ET) | • Debtors provide Landlords with Cure Notice<br>• Debtors provide Landlords with Adequate Assurance Information of Stalking Horse Purchasers |
| March 14, 2020 at 4:00 p.m. (ET) | • Deadline to object to cure<br>• Deadline to object to Adequate Assurance Information of Stalking Horse Purchasers |
| March 19, 2020 at 4:00 p.m. (ET) | • Bid Deadline |
| March 20, 2020 at 4:00 p.m. (ET)<br>(24 hours after Bid Deadline) | • Debtors provide Landlords with Adequate Assurance Information of all Qualified Bidders |
| March 24, 2020 at 10:00 a.m. (ET) | • Auction |
| Conclusion of Auction | • Debtors to file notice of Successful Bidder |
| March 31, 2020 (time TBD) | • Sale Hearing<br>• Deadline to object to Adequate Assurance Information of Successful Bidder |

21. The Landlords request that to the extent a landlord seeks to contest the assignment of its lease, the Sale Hearing should only be a status conference with respect to such contested lease assumption and assignment issues, if those issues can even be determined at that time, and an evidentiary hearing, if necessary, should be scheduled to occur no sooner than twenty-one (21) days after the Sale Hearing, according to the Court's availability.

22. Bankruptcy Rules 7026 and 7028 through 7037, made applicable to contested matters by Bankruptcy Rule 9014, will apply if the Landlords object to the Proposed Assignee and timely notify the Debtors. Therefore, at a minimum, the Landlords should receive an expedited discovery period of fourteen (14) days or, in the alternative, a status conference at the Sale Hearing to determine an expedited discovery schedule. After the close of the discovery period, the Landlords should have an additional four (4) days within which they may file a supplemental objection to the proposed assignment.

23. In the event of a contested assignment, the Landlords request that the Debtors be required to immediately provide a list of any known witnesses that would testify and

a list of any known exhibits that would be put into evidence by the Debtors and/or the Proposed Assignee.

### III.   THE CURE PROCEDURES

#### (A)   The Debtors Or Any Proposed Assignee Must Be Responsible For Year-End Adjustments And Reconciliations

24.   To the extent that rent, attorneys' fees, interest, and/or other charges continue to accrue, and/or the Landlords suffer other pecuniary losses with respect to the Leases, the Landlords hereby reserve the right to include in their asserted cure amounts year-end adjustments, including, without limitation, adjustments for 2019 and 2020 (the "Adjustment Amounts"), which have not yet been billed or have not yet become due under the terms of the Leases.  The Debtors or the Proposed Assignee must be responsible to satisfy the Adjustment Amounts, if any, when due in accordance with the terms of the Leases, regardless of when such Adjustment Amounts were incurred.

#### (B)   Undisputed Cure Amounts Should Be Paid On The Effective Date Of Assignment And Disputed Cure Amounts Should Be Reserved Until A Resolution Is Reached

25.   The proposed Cure Procedures do not provide a sufficient framework under which disputed or undisputed cure amounts would be paid to the Landlords.  The Cure Procedures should explicitly provide that any undisputed cure amounts must be paid to the applicable Landlord on the effective date of the assignment of that Landlord's lease(s).  The Cure Procedures should also provide that any disputed cure amounts must be reserved, in cash, at the highest amount asserted, pending an out-of-court resolution or judicial proceedings.

26.   The Cure Procedures provide that cure disputes will be determined at the Sale Hearing if the parties cannot consensually resolve the dispute.  Instead, the Cure Procedures should provide that upon written notice by a Landlord to the Debtors, a hearing on the disputed

cure amount will take place at the next scheduled hearing date, as long as there are seven (7) calendar days or more from the date of the notice to the hearing date. If there are less than seven (7) calendar days until the next hearing date, the hearing on the disputed cure amount will take place at the following scheduled hearing date. Once the disputed portion of the cure amount is resolved, it should be paid to the applicable Landlord within seven (7) calendar days.

## JOINDER IN OBJECTIONS OF OTHER LANDLORDS

27. To the extent not inconsistent with this Objection, the Landlords join in the objections to the Motion asserted by other landlords and contract counterparties.

## RESERVATION OF RIGHTS

28. The Landlords reserve their rights to amend and/or supplement this Objection and to raise any additional objections to the Motion at any hearings to consider the Motion.

29. The Landlords also reserve their rights to object to the assumption and assignment of the Leases on any basis, including, without limitation, that the Debtors or any Proposed Assignee(s) have failed to provide adequate assurance of future performance.

**WHEREFORE**, the Landlords respectfully request that the Court enter an order (i) denying the Motion unless it is modified as requested herein; and (ii) granting such other and further relief as this Court deems just and proper.

Dated: February 19, 2020
       New York, New York

              **KELLEY DRYE & WARREN LLP**

              By: */s/ Robert L. LeHane*
              Robert L. LeHane, Esq.
              Jennifer D. Raviele, Esq.
              Michael W. Reining, Esq.
              101 Park Avenue
              New York, New York 10178
              Tel: (212) 808-7800
              Fax: (212) 808-7897

              *Counsel to Benderson Development Co., LLC, Regency Centers, L.P., SITE Centers Corp., and TLM Realty Corp.*

## **EXHIBIT A**

| Benderson Development Co., LLC | | | |
|---|---|---|---|
| **Store No.** | **Mall Name** | **Location** | **Landlord** |
| 39 | Gateway Shoppes | North Naples, FL | WR-I Associates LTD |
| TBD | Jacaranda Plaza | Venice, FL | 7978 Associates VIII, LLC |
| 33 | Siesta | Sarasota, FL | Siesta Retail, Inc. |
| TBD | Town Center | W. Port St. Lucie, FL | Benderson-Robinson |

| Regency Centers, L.P. | | | |
|---|---|---|---|
| **Store No.** | **Mall Name** | **Location** | **Landlord** |
| 45 | Unigold Shopping Center | Winter Park, FL | IRT Partners L.P. |
| 25 | Alafaya Village | Orlando, FL | TBD |

| SITE Centers Corp. | | | |
|---|---|---|---|
| **Store No.** | **Mall Name** | **Location** | **Landlord** |
| TBD | Cypress Trace Mall | Ft. Meyers, FL | DDRT Cypress Trace LLC |
| TBD | Collection at Brandon Blvd | Brandon, FL | DDR KM Shopping Center LLC |

| TLM Realty Corp. | | | |
|---|---|---|---|
| **Store No.** | **Mall Name** | **Location** | **Landlord** |
| 28 | 580 Atlantic Blvd | Neptune Beach, FL | Neptune Beach, FL Realty LLC |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LUCKY'S MARKET PARENT COMPANY, LLC, *et al.*,[1] | Case No. 20-10166 (JTD) |
| Debtors. | (Jointly Administered) |

## CERTIFICATE OF SERVICE

I, Michael W. Reining, hereby certify that on February 19, 2020, in addition to the notice and service provided through the Court's CM/ECF system, I caused to be served true and correct copies of the foregoing document upon the parties listed in the attached schedule in the manner indicated.

*/s/ Michael W. Reining*
Michael Reining

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Lucky's Market Parent Company, LLC (2055), Lucky's Farmers Market Holding Company, LLC (5480), Lucky's Market Operating Company, LLC (7064), LFM Stores LLC (3114), Lucky's Farmers Market, LP (0828), Lucky's Farmers Market Resource Center, LLC (7711), Lucky's Market Holding Company 2, LLC (0607), Lucky's Market GP 2, LLC (9335), Lucky's Market 2, LP (8384), Lucky's Market of Longmont, LLC (9789), Lucky's Farmers Market of Billings, LLC (8088), Lucky's Farmers Markets of Columbus, LLC (3379), Lucky's Farmers Market of Rock Hill, LLC (3386), LFM Jackson, LLC (8300), Lucky's Farmers Market of Ann Arbor, LLC (4067), Lucky's Market of Gainesville, LLC (7877), Lucky's Market of Bloomington, LLC (3944), Lucky's Market of Plantation, LLC (4356), Lucky's Market of Savannah, GA, LLC (1097), Lucky's Market of Traverse, City, LLC (2033), Lucky's Market of Naples, FL, LLC (8700), and Sinoc, Inc. (0723).
.

## EXHIBIT A

## SERVICE LIST

**Parties Served Via First-Class Mail**

| | |
|---|---|
| *Counsel for the Debtors*<br><br>Polsinelli PC<br>222 Delaware Avenue, Suite 1101<br>Wilmington, Delaware 19801<br>Attn: Christopher A. Ward | *Counsel for the Debtors*<br><br>Polsinelli, PC<br>2950 N. Harwood St., #2100<br>Dallas, Texas 75201<br>Attn: Liz Boydston |
| *Counsel for Prepetition Secured Lender*<br><br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Attn: Garrett Fail | *Counsel for Prepetition Secured Lender*<br><br>Richards, Layton & Finger<br>920 N. King St., Suite 200<br>Wilmington, Delaware 1980<br>Attn: Zachary Shapiro |
| *The United States Trustee*<br><br>Office of the United States Trustee for the District of Delaware<br>J. Caleb Boggs Federal Building<br>844 King Street, Ste. 2207 – Lockbox #35<br>Wilmington, Delaware 19801<br>Attn: Timothy Fox | *Counsel for Stalking Horse (Publix)*<br><br>Trenam Law<br>101 E. Kennedy Blvd., Suite 2700<br>Tampa, FL 33602<br>Attn: Stephanie C. Lieb, Esq. |
| *Counsel for Stalking Horse (Aldi)*<br><br>Kayne Law Group, CO., P.A.<br>612 Park Street, Suite 100<br>Columbus, Ohio 43215<br>Attn: Adam L. Smith | *Counsel for Stalking Horse (Aldi)*<br><br>Rubin & Levin, P.C.<br>135 N. Pennsylvania Street, Suite 1400<br>Indianapolis, Indiana 46204<br>Attn: James E. Rossow, Jr. |
| *Counsel for Stalking Horse (Seabra)*<br><br>Gomes & Monteiro<br>41-51 Wilson Avenue, PO Box 5159<br>Newark, New Jersey 07105<br>Attn: Carlos A. Monteiro | *Counsel for Stalking Horse (LM)*<br><br>McDonald Hopkins LLC<br>300 N. LaSalle Street, Suite 1400<br>Chicago, Illinois 60654<br>Attn: Marc Carmel |
| *Counsel for Stalking Horse (Winn-Dixie)*<br><br>Shutts & Bowen LLP<br>1022 Park St., Suite 308<br>Jacksonville, Florida 32204<br>Attn: H. Timothy Gillis | *Counsel for Stalking Horse (Alvarez)*<br><br>Marcelo Law Group, PA<br>6505 Blue Lagoon Drive, Suite 130<br>Miami, Florida 33126<br>Attn: Magda Marcelo-Robaina |