IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LUCKY'S MARKET PARENT COMPANY, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10166 (JTD)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 14, 46** |

### FINAL ORDER PURSUANT TO SECTIONS 105(a), 363, AND 541 OF THE BANKRUPTCY CODE, DIRECTING THE PAYMENT OF PREPETITION CLAIMS ARISING UNDER (A) THE PERISHABLE AGRICULTURAL COMMODITIES ACT, AND (B) THE PACKERS AND STOCKYARDS ACT

Upon the motion (the "**Motion**")[2] of Lucky's Market Parent Company, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" or "**Lucky's**"), pursuant to sections 105, 363, and 541 of title 11 of the United States Code (the "**Bankruptcy Code**"), for an order authorizing the Debtors to pay the PACA/PASA Claims, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and comments from certain PACA creditors, the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Lucky's Market Parent Company, LLC (2055), Lucky's Farmers Market Holding Company, LLC (5480), Lucky's Market Operating Company, LLC (7064), LFM Stores LLC (3114), Lucky's Farmers Market, LP (0828), Lucky's Farmers Market Resource Center, LLC (7711), Lucky's Market Holding Company 2, LLC (0607), Lucky's Market GP 2, LLC (9335), Lucky's Market 2, LP (8384), Lucky's Market of Longmont, LLC (9789), Lucky's Farmers Market of Billings, LLC (8088), Lucky's Farmers Markets of Columbus, LLC (3379), Lucky's Farmers Market of Rock Hill, LLC (3386), LFM Jackson, LLC (8300), Lucky's Farmers Market of Ann Arbor, LLC (4067), Lucky's Market of Gainesville, LLC (7877), Lucky's Market of Bloomington, LLC (3944), Lucky's Market of Plantation, LLC (4356), Lucky's Market of Savannah, GA, LLC (1097), Lucky's Market of Traverse, City, LLC (2033), Lucky's Market of Naples, FL, LLC (8700), and Sinoc, Inc. (0723).

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

72399005.2

venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing to consider the relief requested in the Motion on a final basis (the "**Hearing**"); and upon the First Day Declaration, filed contemporaneously with the Motion, and the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

    **IT IS HEREBY ORDERED THAT**

1. The Motion is granted on a final basis to the extent set forth herein.

2. The Debtors are hereby directed, after consultation with the Committee and the Prepetition Secured Lender, to pay all pre-petition PACA/PASA Claims, in the ordinary course as they become due, and in any event, within thirty (30) days of entry of this Order, subject to the following procedures:

   a. The PACA/PASA Claimants must first make a formal demand on Debtors.

   b. After all supporting documentation is provided to the Debtors and their professionals, Alvarez & Marsal will have ten (10) business days to review the supporting documentation and determine if the PACA/PASA Claims are Allowed PACA/PASA Claims.

   c. Upon being deemed an Allowed PACA/PASA Claim, the Debtors will provide a list of proposed payments to PACA/PASA Claimants to the Creditors' Committee and the Prepetition Secured Lender.

72399005.2

    d. The Creditors' Committee and Prepetition Secured Lender will have three (3) business days to object to such payments.

    e. If there are no objections to payment, the Debtors will make payment in full on Allowed PACA/PASA Claims pursuant to the budget attached to the Final Cash Collateral Order within seven (7) days.

    f. If there is an objection to a PACA/PASA Claim, the parties will negotiate in good faith to resolve such objection. If the objection cannot be resolved within fourteen (14) days, the Debtors will promptly file an objection to the objectionable PACA/PASA Claim with the Bankruptcy Court.

    g. During the resolution period, the Debtors will pay the undisputed amount of the PACA/PASA Claim.

3. Any PACA/PASA Claimant who accepts payment from the Debtors in satisfaction of its valid PACA/PASA Claim will be deemed to have waived any and all PACA/PASA Claims relating in any way to the circumstances giving rise to the PACA/PASA Claim of whatever type, kind, or priority against the Debtors, their property, their estates, and any Statutory Trust Assets, but only to the extent that payment has been received by such PACA/PASA Claimant on account of its PACA/PASA Claim.

4. Nothing in this Final Order impairs the rights of holders of PACA or PASA Claims to enforce their rights under PACA or PASA consistent with applicable law, including, but not limited to, section 362 of the Bankruptcy Code, or to seek redress from this Court with respect to their rights under PACA or PASA.

5. The Debtors are directed to issue new post-petition checks, or effect new electronic funds transfers, on account of the Allowed PACA/PASA Claims to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' chapter 11 cases.

6. Notwithstanding anything to the contrary contained herein, any payments made or to be made by the Debtors under this Final Order, and any authorization contained in this Order,

shall be in compliance with, and shall be subject to any order approving the Debtors' use of cash collateral and any budget in connection therewith, provided however, that nothing in the cash collateral Order shall abridge the rights and remedies of any PACA/PASA Claimant.

7. Nothing contained in the Motion or this Final Order, nor any payment made pursuant to the authority granted by this Final Order, is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

8. The Debtors shall serve notice of entry of this Final Order on all known PACA/PASA Claimants no later than two (2) business days after entry of this Final Order.

9. Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

10. Under the circumstances of these chapter 11 cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

11. Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

12. The Debtors are authorized and directed to take all action necessary to effectuate the relief granted in this Order.

72399005.2

13. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Final Order.

Dated: February 25th, 2020
Wilmington, Delaware

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE

5

72399005.2