## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LUCKY'S MARKET PARENT COMPANY, LLC,<br><br>Debtors.<br><br>Employer Tax I.D. No. 46-5472055 | Chapter 11<br><br>Case No. 20-10166 (JTD) |
| In re:<br><br>LUCKY'S FARMERS MARKET OF ELLISVILLE, LLC,<br><br>Debtor.<br><br>Employer Tax I.D. No. 61-1732875 | Chapter 11<br><br>Case No. 20-10513 (JTD) |
| In re:<br><br>LUCKY'S FARMERS MARKET OF LEXINGTON, KY, LLC,<br><br>Debtor.<br><br>Employer Tax I.D. No. 47-4243446 | Chapter 11<br><br>Case No. 20-10514 (JTD) |

## MOTION OF DEBTORS FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

72562791.4

The above-captioned debtors and debtors in possession (the "**Debtors**")[1] hereby move (the "**Motion**") for entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "**Order**"), pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"); Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), directing the joint administration of two additional chapter 11 cases and the consolidation thereof for procedural purposes only with the already jointly administered cases of the Debtors and directing Prior Orders (defined below) and Pending Motions (defined below) apply to the two additional chapter 11 cases whose joint administration and procedural purpose consolidation are sought herein. In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

## **JURISDICTION AND VENUE**

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Under Local Rule 9013-1(f), the Debtors consent to entry of a final order under Article III of the United States Constitution. Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Lucky's Market Parent Company, LLC (2055), Lucky's Farmers Market Holding Company, LLC (5480), Lucky's Market Operating Company, LLC (7064), LFM Stores LLC (3114), Lucky's Farmers Market, LP (0828), Lucky's Farmers Market Resource Center, LLC (7711), Lucky's Market Holding Company 2, LLC (0607), Lucky's Market GP 2, LLC (9335), Lucky's Market 2, LP (8384), Lucky's Market of Longmont, LLC (9789), Lucky's Farmers Market of Billings, LLC (8088), Lucky's Farmers Markets of Columbus, LLC (3379), Lucky's Farmers Market of Rock Hill, LLC (3386), LFM Jackson, LLC (8300), Lucky's Farmers Market of Ann Arbor, LLC (4067), Lucky's Market of Gainesville, LLC (7877), Lucky's Market of Bloomington, LLC (3944), Lucky's Market of Plantation, LLC (4356), Lucky's Market of Savannah, GA, LLC (1097), Lucky's Market of Traverse, City, LLC (2033), Lucky's Market of Naples, FL, LLC (8700), and Sinoc, Inc. (0723).

2.      The statutory predicates for the relief requested herein are Bankruptcy Code section 105(a), Bankruptcy Rule 1015(b), and Local Rule 1015-1.

## BACKGROUND

3.      On January 27, 2020 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court commencing a case for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Andrew T. Pillari, Chief Financial Officer of Debtors, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No.15], as amended by the *Amended Declaration of Andrew T. Pillari, Chief Financial Officer of Debtors, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 47] (the "**First Day Declaration**"), which is fully incorporated herein by reference.

4.      On the Petition Date, the Debtors filed a *Motion for Joint Administration* [Docket No. 3] (the "**Joint Administration Motion**").

5.      On January 28, 2020, the Court entered an *Order (I) Directing Joint Administration of Chapter 11 Cases, and (II) Granting Related Relief* [Docket No. 38] (the "**Joint Administration Order**"), which directed the Chapter 11 Cases be jointly administered and consolidated for procedural purposes only.

6.      The Debtors continue to manage and operate their business as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108. No trustee or examiner has been requested in the Chapter 11 Cases.

72562791.4

7.      On February 4, 2020, the Office of the United States Trustee for the District of Delaware (the "**UST**") appointed an Official Committee of Unsecured Creditors (the "**Committee**") pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 94].

8.      On March 3, 2020, Lucky's Farmers Market of Ellisville, LLC (hereinafter "**Ellisville**") and Lucky's Farmers Market of Lexington, KY, LLC (hereinafter "**Lexington**") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

9.      Furthermore, on March 3, 2020, the Debtors, Ellisville, and Lexington, each filed their respective Schedules of Assets and Liabilities and Statements of Financial Affairs with the Court. *See* Docket Nos. 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, and 351.

10.     The Committee, the Prepetition Secured Lender, and the Office of the United States Trustee support the joint administration of these cases.

## RELIEF REQUESTED

11.     By this Motion, the Debtors seek entry of an order directing the joint administration and the consolidation thereof for procedural purposes only of the Ellisville and Lexington cases along with the Chapter 11 Cases already being jointly administered under the Joint Administration Order. Many of the motions, applications, hearings, and orders that will arise in the Ellisville and Lexington cases will also arise in the Chapter 11 Cases and will affect most, if not all, the Debtors jointly as well as Ellisville and Lexington. For these reasons, the Debtors, Ellisville, and Lexington respectfully submit that their interests, as well as the interests of their creditors and other parties in interest, would be best served by the joint administration of the Ellisville, Lexington, and Chapter 11 Cases for procedural purposes only.

12.     The Debtors further seek entry of an order directing the Clerk of the Court to maintain one file and one docket for the Ellisville and Lexington cases under the case of Lucky's

Market Parent Company, LLC. In addition, the Debtors seek the Court's direction that separate

docket entries be made on the dockets of the Ellisville and the Lexington Docket substantially as

follows:

> "An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Lucky's Market Parent Company, LLC and its affiliates that have concurrently commenced chapter 11 cases. The docket in the chapter 11 case of Lucky's Market Parent Company, LLC, Case No. 20-10166, should be consulted for all matters affecting this case."

The Debtors further request that the caption of the Ellisville, Lexington, and the caption of these

Chapter 11 Cases be modified as follows to reflect their joint administration:

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LUCKY'S MARKET PARENT COMPANY, LLC, *et al*.,[1] | Case No. 20-10166 (JTD) |
| Debtors. | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Lucky's Market Parent Company, LLC (2055), Lucky's Farmers Market Holding Company, LLC (5480), Lucky's Market Operating Company, LLC (7064), LFM Stores LLC (3114), Lucky's Farmers Market, LP (0828), Lucky's Farmers Market Resource Center, LLC (7711), Lucky's Market Holding Company 2, LLC (0607), Lucky's Market GP 2, LLC (9335), Lucky's Market 2, LP (8384), Lucky's Market of Longmont, LLC (9789), Lucky's Farmers Market of Billings, LLC (8088), Lucky's Farmers Markets of Columbus, LLC (3379), Lucky's Farmers Market of Rock Hill, LLC (3386), LFM Jackson, LLC (8300), Lucky's Farmers Market of Ann Arbor, LLC (4067), Lucky's Market of Gainesville, LLC (7877), Lucky's Market of Bloomington, LLC (3944), Lucky's Market of Plantation, LLC (4356), Lucky's Market of Savannah, GA, LLC (1097), Lucky's Market of Traverse, City, LLC (2033), Lucky's Market of Naples, FL, LLC (8700), Sinoc, Inc. (0723), Lucky's Farmers Market of Ellisville, LLC (2875), and Lucky's Farmers Market of Lexington, KY, LLC (3446).

13.     Furthermore, by this Motion, the Debtors seek entry of an order directing Prior

Orders and Pending Motions apply to the Ellisville and Lexington debtors. The Debtors seek to

apply all orders entered on the docket of the lead case, Lucky's Market Parent Company, LLC

Case No. 20-10166 (JTD) (the "**Prior Orders**"), to the Ellisville and Lexington debtors.

Similarly, the Debtors seek entry of an order directing that all pending motions, applications, and requests for relief filed on or after January 27, 2020 in the lead case, Lucky's Market Parent Company, LLC Case No. 20-10166 (JTD) where no final order has yet been entered by the Court (the "**Pending Motions**") apply to the Ellisville and Lexington debtors.

**BASIS FOR RELIEF**

14.     Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Local Rule 1015-1 further provides for joint administration of chapter 11 cases when "the joint administration of two or more cases pending in [the] Court under title 11 is warranted and will ease the administrative burden for the Court and the parties." Ellisville and Lexington, is each a wholly-owned or majority-owned direct or indirect subsidiary of Lucky's Market Parent Company, LLC. Therefore, they are the Debtors' "affiliates" within the meaning of Bankruptcy Code section 101(2) and, accordingly, this Court has the authority to grant the requested relief pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

15.     Joint administration of the Ellisville and Lexington cases with these Chapter 11 Cases will ease the administrative burden on this Court and all parties in interest. Joint administration will not prejudice creditors or other parties in interest because joint administration is purely procedural and will not impact the parties' substantive rights.

16.     Courts in this district routinely order joint administration of related chapter 11 cases for procedural purposes. The Court entered the Joint Administration Order to allow these Chapter 11 Cases to be jointly administered; it is appropriate to administer jointly the Ellisville and Lexington cases too. Accordingly, based on the foregoing facts and authorities, the relief requested in this Motion should be granted.

72562791.4

## NOTICE

17.     Notice of this Motion will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Official Committee of Unsecured Creditors; (c) counsel to the Prepetition Secured Lender; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no other or further notice is required.

## NO PRIOR REQUEST

18.     No prior motion for the relief requested herein, the joint administration and consolidation for procedural purposes only of the Ellisville, Lexington, and these Chapter 11 Cases, has been made to this or any other court.

*[remainder of page intentionally left blank]*

72562791.4

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, (i) directing the joint administration of the Ellisville and Lexington cases with these Chapter 11 Cases and consolidating them for procedural purposes only pursuant to Bankruptcy Code section 105(a), Bankruptcy Rule 1015(b), and Local Rule 1015-1; and (ii) granting such other and further relief as the Court deems appropriate.

Dated: March 9, 2020
      Wilmington, Delaware

Respectfully submitted,

**POLSINELLI PC**

*/s/ Christopher A. Ward*
Christopher A. Ward (Del. Bar No. 3877)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com

-and-

Liz Boydston (Admitted *Pro Hac Vice*)
2950 N. Harwood, Suite 2100
Dallas, TX 75201
Telephone: (214) 661-5557
lboydston@polsinelli.com

*Counsel to the Debtors and*
*Debtors in Possession*

72562791.4