**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In Re: | Case No. 20-10166 (JTD) |
| LUCKY'S MARKET PARENT COMPANY, LLC, et al., | Chapter 11 |
| Debtors, | (Jointly Administered) |
| | **Hearing Date: 3/30/2020 @ 3:00 PM** |
| _____/ | **Objection Deadline:  3/24/2020** |

**OMNIBUS LIMITED OBJECTION OF SCOTT RANDOLPH, ORANGE COUNTY, FLORIDA TAX COLLECTOR TO DEBTORS' PENDING MOTIONS FOR SALE OF PROPERTY FREE AND CLEAR OF LIENS UNDER § 363(f) TO RESPECTIVE STALKING HORSE BIDDERS PUBLIX SUPER MARKETS, INC. [DKT NO. 63], ALDI, INC. [DKT. NO. 71], AND SEABRA FOODS XIV, INC. [DKT. NO. 72]**

**SCOTT RANDOLPH, AS ORANGE COUNTY, FLORIDA TAX COLLECTOR** (the "Tax Collector"), by and through his undersigned attorneys, files this his Omnibus Limited Objection to Debtors' Motions for Sale of Property Free and Clear of Liens Under § 363(f) to the Respective Stalking Horse Bidders, Subject to Higher and Better Offers (Publix Super Markets, Inc. [Dkt. No. 63]), (Aldi, Inc. [Dkt. No. 71]), and (Seabra Foods XIV, Inc. [Dkt. No. 72]) (the "Publix Sale Motion," the "Aldi Sale Motion", and the "Seabra Sale Motion," respectively, and collectively, the "Sale Motions").  In support hereof, the Tax Collector respectfully states as follows:

1.      These are Chapter 11 bankruptcy cases, with orders for relief having been entered on January 27, 2020.  The above-captioned Debtors continue to operate their affairs as debtors in possession.

2.      The Tax Collector is a first priority secured creditor of the Debtors with respect to year 2020 ad valorem tangible personal property taxes assessed against Debtors' tangible personal property at various Orange County, Florida locations.

3.      These locations include one location subject to the Publix Sale Motion, two locations subject to the Aldi Sale Motion, and one location subject to the Seabra Sale Motion.  Copies of the Tax Collector's year 2020 tangible personal property tax statements for the Debtors, including with respect to tangible personal property located at specific locations subject to the Sale Motions, are attached hereto as composite **Exhibit "A"**.

4.      Pursuant to Fla. Stat. § 197.122, the Tax Collector's liens for the Debtors' tangible personal property taxes arose as of January 1, 2020, and are superior to all other liens on the property, including purchase money security interests.

5.      Pursuant to Fla. Stat. § 197.333, the 2020 taxes will become due and payable in November 2020 and will become delinquent on April 1, 2021.  If the 2020 tangible personal property taxes are not paid prior to April 1, 2021, the taxes accrue interest at a rate of one and one-half percent (1.5%) per month pursuant to Fla. Stat. § 197.172 and § 506(b) of the Bankruptcy Code.[1]

6.      On January 27, 2020 (Dkt. No. 13), the Debtors filed their Motion for Approval of (I) Procedures for Store Closing Sales, and (II) Assumption of the Liquidation Consulting Agreement (the "Store Closing Motion").  The Store Closing Motion was granted on an interim basis by order of this Court dated January 28, 2020 (Dkt. No. 51)

---

[1]  Copies of the cited Florida statutes are attached hereto as **Exhibit "B"**.

(the "Interim Store Closing Sale Order") and on a final basis by order dated March 3, 2020

(Dkt. No. 321) (the "Final Store Closing Sale Order").

7.    The Interim and Final Store Closing Sale Orders provide that Debtors may

sell tangible personal property at the closed stores free and clear of all liens, with such liens

to attach to the sale proceeds with the same validity and enforceability, to the same extent,

subject to the same defenses, and with the same amount and priority as they attached to the

assets immediately before the closing of the applicable stores.

8.    The Debtors' stores in Orange County, Florida are identified as stores where

tangible personal property subject to the Tax Collector's liens for 2020 tangible personal

property taxes has been, or will be, liquidated pursuant to the Store Closing Motion.[2]

9.    On January 30, 2020 (Dkt. No. 63), Debtors filed the Publix Sale Motion.

10.    On January 31, 2020 (Dkt. Nos. 71 and 72, respectively), Debtors filed the

Aldi Sale Motion and the Seabra Sale Motion.

11.    The Publix Sale Motion provides for the sale free and clear of the tangible

personal property located at 3171 S. Orange Ave., Orlando, Florida.  That tangible personal

property is subject to the Tax Collector's secured claims and liens for 2020 tangible

personal property taxes.

---

[2] Contemporaneously with the filing of this Limited Objection, the Tax Collector also is filing a
motion for adequate protection (the "Adequate Protection Motion") in connection with his
secured, first priority tax claims.  The Adequate Protection Motion requests relief with respect to
the Tax Collector's secured claims and liens on tangible personal property located in any of the
Debtors' Orange County, Florida locations, regardless of whether such property and locations are
subject to any of the specific Sale Motions.  The relief requested in the Adequate Protection
Motion is incorporated by reference as if set forth fully herein.

12.     The Aldi Sale Motion provides for the sale free and clear of the tangible personal property located at 3230 E. Colonial Drive, Orlando, Florida, and 11601 Regency Village Drive, Orlando, Florida.  Such tangible personal property is subject to the Tax Collector's liens for 2020 tangible personal property taxes.

13.     The Seabra Sale Motion provides for the sale free and clear of the tangible personal property located at 4169 Town Center Blvd., Orlando, Florida.  Such tangible personal property is subject to the Tax Collector's liens for 2020 tangible personal property taxes.

14.     Section 7.1 of the Stalking Horse Purchase Agreements attached to the respective Sale Motions provides that tangible personal property taxes shall be prorated between Buyer and Seller at closing.  However, the Stalking Horse Purchase Agreements are not clear as to whether the Buyer (as is customary) or the Seller shall have the responsibility to pay the 2020 tangible personal property taxes in November 2020 when those taxes are due and payable to the Tax Collector.

15.     On February 28, 2020 (Dkt. Nos. 301, 302, and 303), Debtors filed their respective Notices of Sale of Property Free and Clear of Liens / Notice of Bidding Procedures, Auction, Hearing, and Deadlines Relating to the Sale of Certain Assets of the Debtors (Publix Super Markets, Inc.; Aldi, Inc.; and Seabra Foods XIV, Inc.) (collectively, the "Sale Motion Notices").

16.     The Sale Motion Notices provide that any objections to the relief requested in the Sale Motions be filed by March 24, 2020.  A hearing has been scheduled for March 30, 2020, to consider the relief requested in the Sale Motions.

## **RELIEF REQUESTED**

17.     By this Omnibus Limited Objection, the Tax Collector requests entry of an order conditioning approval of the Debtors' Sale Motions upon the grant of adequate protection in favor of the Tax Collector with respect to his secured claims and liens relating to the payment of 2020 tangible personal property taxes.

18.     Section 363(e) of the Bankruptcy Code provides in relevant part: "Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest."

19.     Section 361 of the Bankruptcy Code informs as to what relief may be afforded a creditor entitled to adequate protection.  In addition to (i) ordering one-time or periodic cash payments or (ii) providing an additional or replacement lien to the extent of a decrease in value of such entity's interest in property, this Court may grant "such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property."

20.     The Tax Collector has no objection to approval of the Sale Motions provided that the Tax Collector's liens for the 2020 tangible personal property taxes are fully preserved against the tangible personal property subject to the Sale Motions so that

the Tax Collector has an appropriate remedy should the Buyer fail to pay the 2020 tangible personal property taxes when they come due and payable.

21.     The Tax Collector therefore requests that this Court condition approval of the Sale Motions upon inclusion of language providing that the Tax Collector's claims and liens for 2020 taxes be preserved against all tangible personal property subject to the Sale Motions, until such taxes are fully and finally paid.

22.     In the alternative, should the Court order the subject tangible personal property be sold to the respective buyers free and clear of the 2020 tax claims and liens, the Tax Collector requests that the Court order the Debtors to set aside in a separate escrow or other segregated account sufficient sale proceeds so that such proceeds are available to pay to the Tax Collector the 2020 tangible personal property taxes in full no later than when such taxes are due and payable.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Tax Collector respectfully requests that any order(s) approving the Sale Motions be consistent with the above and the Tax Collector requests such other and further relief as this Court deems just and proper.

Dated: March 13, 2020

**ASHBY & GEDDES, P.A.**

/s/  Michael DeBaecke
Michael DeBaecke (No. 3186)
500 Delaware Avenue, Suite 800
Wilmington, DE 19801
(302) 654-1888
mdebaecke@ashbygeddes.com

and

MICHAEL A. PAASCH (Florida Bar #852805)
Mateer & Harbert, P.A.
225 East Robinson Street, Suite 600
Post Office Box 2854
Orlando, Florida  32802-2854
Telephone:  (407) 425-9044
mpaasch@mateerharbert.com

Attorneys for Scott Randolph, Orange County, Florida Tax Collector