# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: | Case No. 20-10166 (JTD) |
| LUCKY'S MARKET PARENT COMPANY, LLC, et al., | Chapter 11 |
| Debtors. | (Jointly Administered) |
| | **Hearing: 3/30/20 at 3:00 p.m.**<br>**Objections: 3/24/20 @ 4:00 p.m.** |
| _____ / | |

## MOTION OF SCOTT RANDOLPH, ORANGE COUNTY, FLORIDA TAX COLLECTOR, FOR ADEQUATE PROTECTION IN RESPECT OF SECURED CLAIMS AND LIENS FOR 2020 TANGIBLE PERSONAL PROPERTY TAXES

**SCOTT RANDOLPH, AS ORANGE COUNTY, FLORIDA TAX COLLECTOR** (the "Tax Collector"), by and through his attorneys, in support of his Motion for Adequate Protection in Respect of his Secured Claims and Liens for 2020 Tangible Personal Property Taxes (the "Motion), respectfully states as follows:

## BACKGROUND

1. These are Chapter 11 bankruptcy cases, the orders for relief having been entered on January 27, 2020. The above-captioned Debtors continue to operate their affairs as debtors in possession.

2. The Tax Collector is a first priority secured creditor of affiliated Debtors' Lucky's Market locations in Orange County, Florida, with respect to year 2020 ad valorem tangible personal property taxes assessed against Debtors' tangible personal property

located in Orange County, Florida. Attached hereto as **Exhibit "A"** are tangible personal property tax statements for each Debtor location in Orange County.

3. Pursuant to Fla. Stat. § 197.122, the Tax Collector's liens for the Debtors' tangible personal property taxes arose as of January 1, 2020, and are superior to all other liens on the subject property, including purchase money security interests.

4. Pursuant to Fla. Stat. § 197.333, the 2020 taxes will become due and payable in November 2020 and become delinquent on April 1, 2021. If the 2020 taxes are not paid prior to April 1, 2021, the taxes accrue interest at a rate of one and one-half percent (1.5%) per month pursuant to Fla. Stat. § 197.172 and § 506(b) of the Bankruptcy Code.[1]

5. On January 27, 2020 (Doc. No. 13), the Debtors filed their Motion for Approval of (I) Procedures for Store Closing Sales, and (II) Assumption of the Liquidation Consulting Agreement (the "Store Closing Sales Motion"). The Store Closing Sales Motion was granted on an interim basis by order of this Court dated January 28, 2020 (Doc. No. 51) (the "Interim Store Closing Sales Order") and by final order dated March 3, 2020 (Doc. No. 321) (the "Final Store Closing Sales Order").

6. The Interim and Final Store Closing Sales Orders provide that Debtors may sell tangible personal property at the closed stores free and clear of all liens, with liens to attach to the sale proceeds with the same validity and enforceability, to the same extent, subject to the same defenses, and with the same amount and priority as they attached to the assets immediately before the closing of the applicable store.

---

[1] Copies of cited Florida statutes are attached hereto as **Exhibit "B"**.

7. The Final Store Closing Sales Order also provides that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of the Final Store Closing Sales Order.

8. Pursuant to the Store Closing Sales Motion, several of the Debtors' stores in Orange County, Florida are identified as stores where tangible personal property of the Debtors subject to the Tax Collector's liens for 2020 tangible personal property taxes has been, or will be, liquidated.

## **RELIEF REQUESTED**

9. By this Motion, the Tax Collector requests entry of an order granting the Tax Collector adequate protection with respect to his secured claims and liens relating to the payment of 2020 tangible personal property taxes.

10. Section 363(e) of the Bankruptcy Code provides in relevant part: "Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest."

11. Section 361 of the Bankruptcy Code informs as to what relief may be afforded a creditor entitled to adequate protection. In addition to (i) ordering one-time or periodic cash payments or (ii) providing an additional or replacement lien to the extent of a decrease in value of such entity's interest in property, this Court may grant "such other relief, other than entitling such entity to compensation allowable under section 503(b)(1)

of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property."

12. For the 2020 tangible personal property taxes owed and payable by the Debtors, the Tax Collector requests adequate protection of his first priority liens on the subject tangible personal property (or sale proceeds relating thereto) in the form of a Court order requiring Debtors to escrow or otherwise segregate sufficient sale proceeds (received from the store closing sales or from other sales of subject tangible personal property pursuant to the terms of stalking horse bids or otherwise) in an account(s) designated to pay to the Tax Collector the 2020 tangible personal property taxes on or before the date those taxes are due and payable (in November 2020).

13. The Tax Collector also requests that the Debtors be ordered to provide an accounting or other similar report to the Tax Collector with respect to all sale proceeds received by the Debtors in respect of the sales of tangible personal property located in the Debtors' Orange County, Florida locations and any uses made to date of such proceeds (i) as of the date of entry of an order approving this Motion, and (ii) going forward, such reports (after the initial report) should be provided at regular intervals until the 2020 taxes are fully and finally paid.

WHEREFORE, the Tax Collector respectfully requests entry of an order substantially in the form attached hereto as **Exhibit "C"**, and such other and further relief as this Court deems just and proper.

Dated: March 13, 2020

          **ASHBY & GEDDES, P.A.**

          /s/ Michael DeBaecke
          Michael DeBaecke (No. 3186)
          500 Delaware Avenue, Suite 800
          Wilmington, DE 19801
          (302) 654-1888
          mdebaecke@ashbygeddes.com

          and

          MICHAEL A. PAASCH (Florida Bar #852805)
          Mateer & Harbert, P.A.
          225 East Robinson Street, Suite 600
          Post Office Box 2854
          Orlando, Florida 32802-2854
          Telephone: (407) 425-9044
          mpaasch@mateerharbert.com

          Attorneys for Scott Randolph, Orange County, Florida Tax Collector