**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LUCKY'S MARKET PARENT COMPANY, LLC, *et al.*,1<br>            Debtors. | Chapter 11<br><br>Case No. 20-10166 (JTD)<br><br>(Jointly Administered)<br><br>**Objections Due: March 18, 2020 at 4:00 p.m.**<br><br>**Dkt. Ref. Nos. 316, 318 and 401** |

**OBJECTION OF SNYDER CONSTRUCTION, INC., D/B/A SNYDER GENERAL CONSTRUCTION, INC. TO CURE AMOUNTS SET FORTH IN THE (i) NOTICE TO COUNTERPARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES REGARDING CURE AMOUNTS AND POSSIBLE ASSIGNMENT TO THE STALKING HORSE PURCHASER OR SUCH OTHER SUCCESSFUL BIDDER AT AUCTION [D.I. 316], (ii) NOTICE TO COUNTERPARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES REGARDING CURE AMOUNTS AND POSSIBLE ASSIGNMENT TO THE SUCCESSFUL BIDDER AT AUCTION [D.I. 318], AND (iii) SUPPLEMENTAL NOTICE TO COUNTERPARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES REGARDING CURE AMOUNTS AND POSSIBLE ASSIGNMENT TO A STALKING HORSE PURCHASER OR SUCH OTHER <u>SUCCESSFUL BIDDER AT AUCTION [D.I. 401]</u>**

COMES NOW Snyder Construction, Inc. d/b/a Snyder General Construction, Inc. ("Snyder"), a creditor of the above-captioned Debtors, and objects to the proposed Cure Amount set forth in D.I. 316, Appendix I and D.I. 318, Appendix I, both as Amended by D.I. 401, Appendix II, as follows:

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Lucky's Market Parent Company, LLC (2055), Lucky's Farmers Market Holding Company, LLC (5480), Lucky's Market Operating Company, LLC (7064), LFM Stores LLC (3114), Lucky's Farmers Market, LP (0828), Lucky's Farmers Market Resource Center, LLC (7711), Lucky's Market Holding Company 2, LLC (0607), Lucky's Market GP 2, LLC (9335), Lucky's Market 2, LP (8384), Lucky's Market of Longmont, LLC (9789), Lucky's Farmers Market of Billings, LLC (8088), Lucky's Farmers Market of Columbus, LLC (3379), Lucky's Farmers Market of Rock Hill, LLC (3386), FLM Jackson, LLC (8300), Lucky's Farmers Market of Ann Arbor, LLC (4067), Lucky's Market of Gainesville, LLC (7877), Lucky's Market of Bloomington, LLC (3944), Lucky's Market of Plantation, LLC (4356), Lucky's Market of Savannah, GA, LLC (1097), Lucky's Market of Traverse City, LLC, (2033), Lucky's Market of Naples, FL, LLC (8700), and Sinoc, Inc. (0723).

1

1. On January 27, 2020 (the "Petition Date"), the above-captioned Debtors filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in this Court.

2. On February 28, 2020, Debtors filed their (i) *Notice to Counterparties to Potentially Assumed Executory Contracts and Unexpired Leases Regarding Cure Amounts and Possible Assignment to the Stalking Horse Purchaser or Such Other Successful Bidder at Auction* [D.I. 316] and (ii) *Notice to Counterparties to Potentially Assumed Executory Contracts and Unexpired Leases Regarding Cure Amounts and Possible Assignment to the Successful Bidder at Auction* [D.I. 318] which each, at Appendix I, identify certain property interests and cure costs (the "Cure Cost Notice").

3. On March 11, 2020, Debtors' filed their *Supplemental Notice to Counterparties to Potentially Assumed Executory Contracts and Unexpired Leases Regarding Cure Amounts and Possible Assignment to a Stalking Horse Purchaser or Such Other Successful Bidder at Auction* [D.I. 401] (the "Supplemental Notice"). The Supplemental Notice has updated Cure Amounts relative to the contracts and properties at issue in this objection.

4. At various times prior to the Petition Date, Snyder and the Debtor, Lucky's Market Operating Company, LLC, or an affiliate, directly contracted with each other whereby Snyder performed certain work, and provided certain labor and materials to construct stores for the Debtors.

5. In particular, Snyder performed construction services for Lucky's Market #53 in Fort Myers, Fl, Lucky's Market #62 in Clearwater, FL, and Lucky's Market #66 in Brandon, FL. Each of these locations is identified on the Supplemental Notice, as more particularly set forth below.

A.  Real Property Lease for Fort Myers, FL Store Property (Store #53).

6. The Supplemental Notice identifies the Lease as "Shopping Center Lease—Fort Myers FL by and between DDRTC Cypress Trace LLC, as landlord, and Lucky's Market Operating Company, LLC, as tenant." The Cure Amount is stated as $893,382.00.

7. Snyder is owed $870,698.48 for construction services provided to Debtors relative to this property. Snyder has properly recorded its Claim of Lien against this property, as more particularly set forth in the *Snyder Construction, Inc., d/b/a/ Snyder General Construction, Inc.'s Amended Notice of Filing and Perfection of Construction Liens Pursuant to 11 U.S.C. §§ 362(b)(3) and 546(b)* [D.I. 411] (the "Amended Construction Lien Notice"). Snyder cannot tell from the Supplemental Notice if the Cure Amount includes the full amount of Snyder's claim as set forth in the Amended Construction Lien Notice. Snyder's lien claim of $870,698.48 should be included in any Cure Amount.

B.  Real Property Lease for Clearwater, FL Store Property (Store #62).

8. The Supplemental Notice identifies the Lease as: "Ground Lease and All Amendments—Clearwater, FL by and between Dixit Properties LLC, as landlord, and Lucky's Market Operating Company, LLC, as tenant." The Cure Amount is stated as $871,386.00.

9. Snyder is owed $901,761.00 for construction services provided to Debtors relative to this property. Snyder has properly recorded its Claim of Lien against this property, as more particularly set forth in the Amended Construction Lien Notice. Snyder cannot tell from the Supplemental Notice if the Cure Amount is intended to include amounts owed to Snyder, but based on the Cure Amount stated, and the amount owed to Snyder, the Cure Amount is not sufficient to cover all costs necessary to cure the contract. Snyder's lien claim of $901,761.00 should be included in any Cure Amount.

C. <u>Real Property Lease for Brandon, FL Store Property (Store #66)</u>.

10. The Supplemental Notice identifies the Lease as: "Shopping Center Lease—Brandon, FL by and between DDR KM Shopping Center LLC, as landlord, and Lucky's Market Operating Company, LLC, as tenant." The Cure Amount is stated as $261,363.00.

11. Snyder is owed $313,070.00 for construction services provided to Debtors relative to this property. Snyder has properly recorded its Claim of Lien against this property, as more particularly set forth in the Amended Construction Lien Notice. Snyder cannot tell from the Supplemental Notice if the Cure Amount is intended to include amounts owed to Snyder, but based on the Cure Amount stated, and the amount owed to Snyder, the Cure Amount is not sufficient to cover all costs necessary to cure the contract. Snyder's lien claim of $261,363.00 should be included in any Cure Amount.

12. Snyder objects to the Cure Amounts to the extent that they do not include payment in full of Snyder's Construction Liens against these three properties.

13. Further, payment of the Cure Amounts should be made directly to Snyder, at closing of the sale of Debtors' assets and the assumption and assignment of the contracts for any of the referenced properties.

14. Snyder further objects to any proposed sale that would purport to be free and clear of its liens. Section 363(f) of the Bankruptcy Code permits a debtor to sell property free and clear of any interest in such property if one of the five conditions set forth in Section 363(f) are satisfied. As provided in Section 363, a debtor "may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –

(1) applicable non-bankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

15. First, there is nothing under Florida law that suggests that Snyder could be involuntarily stripped of its lien rights. Second, Snyder is certainly not consenting to being stripped of its rights without payment. Third, there is nothing that suggests Snyder's lien rights are subject to any dispute, let alone, a *bona fide* one. And no one has suggested that Snyder could be compelled to accept a money satisfaction of its interest that would not pay its lien in full (plus interest and fees).

16. Snyder reserves all rights to further object to any cure amounts and sale process that does not pay it in full.

WHEREFORE, Snyder requests that all cure amounts with respect to Stores 53, 62, and 66 be increased as necessary to confirm that Snyder's cure amounts are fully protected and further requests that all such cure amounts be paid directly to Snyder upon closing of any sale.

[Remainder of Page Left Intentionally Blank]

| | |
|---|---|
| Dated: March 17, 2020 | Respectfully submitted,<br><br>MORRIS JAMES LLP<br><br>/s/ Carl N. Kunz, III<br>Carl N. Kunz, III (#3201)<br>500 Delaware Avenue, Suite 1500<br>P.O. Box 2306<br>Wilmington, DE  19899-2306<br>Telephone: (302) 888-6811<br>Facsimile: (302) 571-1750<br>Email: ckunz@morrisjames.com<br><br>and<br><br>Julie Beth Teicher, Esq.<br>Earle I. Erman, Esq.<br>David E. Hart, Esq.<br>Maddin, Hauser, Roth & Heller, P.C.<br>28400 Northwestern Highway, Second Floor<br>Southfield, MI 48034-1839<br>Telephone: (248) 354-4030<br>Facsimile: (248) 354-1422<br>jteicher@maddinhauser.com<br>eerman@maddinhauser.com<br>dhart@maddinhauser.com<br><br>Counsel for Snyder Construction, Inc. d/b/a Snyder General Construction, Inc. |

11585082/1