# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LUCKY'S MARKET PARENT COMPANY, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10166 (JTD)<br><br>(Jointly Administered)<br><br>**Response Deadline: December 7, 2020 at 4:00 p.m.**<br>**Hearing Date: December 14, 2020 at 10:00 a.m.** |

### DEBTORS' TENTH (SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN (I) AMENDED CLAIMS, (II) MISCLASSIFIED CLAIMS, (III) MODIFIED CLAIMS, AND (IV) NO LIABILITY CLAIMS

> **THIS OBJECTION SEEKS TO DISALLOW CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT AND SCHEDULES ATTACHED TO THIS OBJECTION.**

The above-captioned debtors and debtors in possession (the "**Debtors**"), by and through their undersigned counsel, with the accompanying declaration of Jeffrey Sielinski, hereby submit this tenth omnibus (substantive) objection (the "**Tenth Objection**"), pursuant to sections 105(a) and 502 of title 11 of the United State Code (the "**Bankruptcy Code**"),[2] Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("**Local Rules**"), to certain claims identified on Schedule 1, Schedule 2, Schedule 3, and Schedule 4 to the proposed form of order (the "**Proposed Order**"). The Debtors

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Lucky's Market Parent Company, LLC (2055), Lucky's Farmers Market Holding Company, LLC (5480), Lucky's Market Operating Company, LLC (7064), LFM Stores LLC (3114), Lucky's Farmers Market, LP (0828), Lucky's Farmers Market Resource Center, LLC (7711), Lucky's Market Holding Company 2, LLC (0607), Lucky's Market GP 2, LLC (9335), Lucky's Market 2, LP (8384), Lucky's Market of Longmont, LLC (9789), Lucky's Farmers Market of Billings, LLC (8088), Lucky's Farmers Markets of Columbus, LLC (3379), Lucky's Farmers Market of Rock Hill, LLC (3386), LFM Jackson, LLC (8300), Lucky's Farmers Market of Ann Arbor, LLC (4067), Lucky's Market of Gainesville, LLC (7877), Lucky's Market of Bloomington, LLC (3944), Lucky's Market of Plantation, LLC (4356), Lucky's Market of Savannah, GA, LLC (1097), Lucky's Market of Traverse, City, LLC (2033), Lucky's Market of Naples, FL, LLC (8700), Sinoc, Inc. (0723), Lucky's Farmers Market of Ellisville, LLC (2875), and Lucky's Farmers Market of Lexington, KY, LLC (3446).

[2] Unless otherwise stated, all statutory references herein are to the Bankruptcy Code.

respectfully request entry of an order in substantially the form of the Proposed Order filed concurrently herewith (i) disallowing and expunging the amended claims listed on Schedule 1 to the Proposed Order, (ii) adjusting the priorities of the claims listed on Schedule 2 to the Proposed Order, (iii) modifying the claim amounts listed on Schedule 3 to the Proposed Order, and (iv) expunging the claim amounts listed on Schedule 4 to the Proposed Order (the claims identified on Schedule 1, Schedule 2, Schedule 3, and Schedule 4 to the Proposed Order to be disallowed, collectively as the "**Disputed Claims**"). In support of this Tenth Objection, the Debtors respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over these chapter 11 cases (the "**Chapter 11 Cases**") pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases and this Tenth Objection is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code section 502(b), Bankruptcy Rule 3007, and Local Rule 3007-1.

## BACKGROUND

**Commencement of the Case**

3. On January 27, 2020 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court commencing a case for relief under chapter 11 of the Bankruptcy Code. The factual background regarding the Debtors, including their business operations, capital, and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Andrew T. Pillari, Chief Financial Officer of Lucky's Market Parent Company, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 47] (the "**First Day Declaration**"), which is fully incorporated herein by reference.

2

4. The Debtors continue to manage and operate their business as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108. No trustee or examiner has been requested in the Chapter 11 Cases.

5. On February 4, 2020, the Office of the United States Trustee for the District of Delaware (the "**UST**") appointed an Official Committee of Unsecured Creditors (the "**Committee**") pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 94].

6. On February 26, 2020, the Court entered an *Order Authorizing the Application of the Debtors to Employ and Retain Alvarez & Marsal North America, LLC as Financial Advisor to Debtors Nunc Pro Tunc to the Petition Date* [Docket No. 278] (the "**A&M Retention Order**"). Pursuant to the A&M Retention Order, the Debtors retained Alvarez & Marsal North America, LLC, together with employees of its affiliates (all of which are wholly-owned by its parent company and employees), its wholly owned subsidiaries, and independent contractors (collectively, "**A&M**") to provide consulting services to the Debtors.

**The Bar Date**

7. On March 25, 2020, the Court entered an *Order (I) Establishing the Bar Dates for Filing Proofs of Claim, Including Section 503(b)(9) Claims and (II) Approving Form and Manner of Notice Thereof* [Docket No. 507] (the "**Bar Date Order**").

8. The Bar Date Order established April 24, 2020, as the bar date deadline for all persons and entities holding or asserting a claim, including section 503(b)(9) administrative priority claims against the Debtors arising on or before the Petition Date (the "**General Bar Date**") to file proofs of claim in these Chapter 11 Cases and July 27, 2020, as the deadline for governmental units to file proofs of claim in these Chapter 11 Cases (the "**Governmental Bar Date**"). The Bar Date Order established the later of the General Bar Date or twenty-one (21)

3

days after a claimant is served with notice that the Debtors amended the Schedules, reducing, deleting, or changing the status of a Claim in the Schedules to file a proof of claim with respect to such Claim (the "**Amended Schedule Bar Date**"). Further, the Bar Date Order established the latest of the General Bar Date, thirty (30) days after the date of the entry of any order authorizing the rejection of such executory contract or unexpired lease, or thirty (30) days after the effective date of the rejection of such executory contract or unexpired lease, including pursuant to 11 U.S.C. § 365(d)(4), as the date by which a proof of claim form relating to the Debtors' rejection of such executory contract or unexpired lease must be filed (the "**Rejection Claim Bar Date**").

9. On May 22, 2020, the Debtors filed the *First (Non-Substantive) Omnibus Objection to Certain (I) Amended Claims and (II) Duplicative Claims* [Docket No. 752] (the "**First Omnibus Objection**") and the *Second (Substantive) Omnibus Objection to Certain (I) Misclassified Claims, (II) Modified Claims, and (III) No Liability Claims* [Docket No. 753] (the "**Second Omnibus Objection**").

10. On June 22, 2020, the Court entered an *Order Granting* the First Omnibus Objection [Docket No. 815] (the "**First Omnibus Order**") and an *Order Granting* the Second Omnibus Objection [Docket No. 816] (the "**Second Omnibus Order**").

11. On June 26, 2020, the Debtors filed the *Third (Non-Substantive) Omnibus Objection to Certain (I) Amended Claims and (II) Duplicative Claims* [Docket No. 835] (the "**Third Omnibus Objection**") and the *Fourth (Substantive) Omnibus Objection to Certain (I) Misclassified Claims, (II) Modified Claims, and (III) No Liability Claims* [Docket No. 836] (the "**Fourth Omnibus Objection**").

12. On July 23, 2020, the Court entered an *Order Granting* the Third Omnibus Objection [Docket No. 894] (the "**Third Omnibus Order**") and an *Order Granting* the Fourth

Omnibus Objection [Docket No. 895] (the "**Fourth Omnibus Order**").

13. On July 28, 2020, the Debtors filed the *Fifth (Non-Substantive) Omnibus Objection to Certain (I) Amended Claims and (II) Duplicative Claims* [Docket No. 904] (the "**Fifth Omnibus Objection**") and the *Sixth Omnibus Objection to Certain (I) Misclassified Claims, (II) Modified Claims, and (III) No Liability Claims* [Docket No. 905] (the "**Sixth Omnibus Objection**").

14. On August 24, 2020, the Court entered an *Order Granting* the Fifth Omnibus Objection [Docket No. 969] (the "**Fifth Omnibus Order**") and an *Order Granting* the Sixth Omnibus Objection [Docket No. 970] (the "**Sixth Omnibus Order**").

15. On September 14, 2020, the Debtors filed the *Seventh (Substantive) Omnibus Objection to Certain (I) Misclassified Claims, (II) Modified Claims, and (III) No Liability Claims* [Docket No. 1046] (the "**Seventh Omnibus Objection**").

16. On October 14, 2020, the Court entered an *Order Granting* the Seventh Omnibus Objection [Docket No. 1118] (the "**Seventh Omnibus Order**").

17. On October 23, 2020, the Debtors filed the *Eighth (Non-Substantive) Omnibus Objection to Certain Amended Claims* [Docket No. 1140] (the "**Eighth Omnibus Objection**") and the *Ninth (Substantive) Omnibus Objection to Certain (I) Misclassified Claims, (II) Modified Claims, and (III) No Liability Claims* [Docket No. 1141] (the "**Ninth Omnibus Objection**").

18. As set forth in the accompanying declaration of Jeffrey Sielinski, Senior Director with A&M, filed herewith (the "**Sielinski Declaration**") (a copy of which is attached to this Tenth Objection as Exhibit B), the Debtors maintained, in the ordinary course of business, books and records that reflect the liabilities and amounts owed to creditors.

## RELIEF REQUESTED

19. By this Tenth Objection, the Debtors respectfully request that this Court enter an order, in substantially the same form as the Proposed Order attached to this Objection as <u>Exhibit A</u>, reclassifying, disallowing, modifying, or expunging as the case may be, the Disputed Claims. The Debtors reserve the right to object to the Disputed Claims on any other available grounds not set forth in the Tenth Objection.

## OBJECTION TO CLAIMS

### A. Applicable Authority

20. Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Once an objection to a claim is filed, "the court, after notice and a hearing, shall determine the allowed amount of the claim." 11 U.S.C. § 502(b). A proof of claim filed in accordance with the Bankruptcy Rules "constitutes prima facie evidence of the validity and amount of the claim. FED. R. BANKR. P. 3001(f). Bankruptcy Rule 3001(c)(1) requires that "when a claim . . . is based on a writing, a copy of the writing shall be filed with the proof of claim." FED. R. BANKR. P. 3001(c)(1). Failure to attach the documentation required by Bankruptcy Rule 3001 will result in the loss of *prima facie* validity of the claim. *In re Minbatiwalla*, 424 B.R. 104, 112 (Bankr. S.D.N.Y. 2010). To obtain *prima facie* validity, a claimant must also allege sufficient facts to support its claim. *In re Allegheny Intern, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992).

21. When objecting to a claim that is *prima facie* valid, the objecting party must "produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency." *Id.* at 173-74. Once the objecting party produces such evidence, the burden shifts

6

back to the claimant to prove the validity of the claim by a preponderance of the evidence. *Id.* The burden of persuasion is always on the claimant. *Id.*

   B. **Amended Claims**

   22.   The Disputed Claims identified on Schedule 1 to the Proposed Order (the "**Amended or Superseded Claims**") assert claims against the Debtors, which should be disallowed and expunged as set forth on Schedule 1 because the respective Claimants filed amended claims against the Debtors' estates, or filed claims which superseded another filed claim against the Debtors' estates. In evaluating these Amended or Superseded Claims, the Debtors have reviewed the filed proofs of claim (including all supporting documentation), and the Debtors have determined that the Amended or Superseded Claims must be disallowed and expunged.

   23.   Failure to disallow and expunge the Amended or Superseded Claims could result in the relevant Disputed Claims receiving a better recovery than other similarly situated creditors, when such recovery is not supported. Therefore, the Debtors object to the Amended or Superseded Claims and request that the Amended or Superseded Claims be disallowed and expunged in accordance with Schedule 1 to the Proposed Order for the reasons stated, subject to the Debtors' right to further object to any of the Amended or Superseded Claims on other grounds.

   C. **Misclassified Claims**

   24.   The Disputed Claims identified on Schedule 2 to the Proposed Order (the "**Misclassified Claims**") assert secured claims against the Debtors and Bankruptcy Code section 503(b)(9) or 507(a) priority claims against the Debtors which should be reclassified as set forth on Schedule 2 because the Debtors are not aware of any facts or supporting documentation to

7

75490839.2

support the secured or priority status as fully asserted. In evaluating these Misclassified Claims, the Debtors have reviewed the Debtors' books and records, and the filed proofs of claim (including all supporting documentation), and the Debtors have determined that the Misclassified Claims do not pertain to or qualify for secured claim status under section 506, do not pertain to section 503(b)(9) eligible products, or do not qualify for 507(a) priority status.

25. Failure to reclassify the Misclassified Claims could result in the relevant Disputed Claims receiving a better recovery than other similarly situated creditors, when such recovery is not supported. Therefore, the Debtors object to the Misclassified Claims and request the Misclassified Claims be reclassified in accordance with Schedule 2 to the Proposed Order for the reasons stated, subject to the Debtors' right to further object to any of the Misclassified Claims on other grounds.

### D. Modified Claims

26. The Debtors believe the Disputed Claims identified on Schedule 3 to the Proposed Order (the "**Modified Claims**") are not accurate as filed and must be modified. The Debtors reviewed the Debtors' books and records and determined that the Debtors are not liable for the entire Modified Claims for the reasons set forth on Schedule 3 to the Proposed Order. Moreover, the Modified Claims fail to provide documentation necessary to sustain a compensable claim. Therefore, the Debtors object to the Modified Claims and seek their modification for the reasons stated on Schedule 3 to the Proposed Order.

27. The Debtors object to three Disputed Claims, Claim 166-353, Claim 168-19, and Claim 168-138, which are included on Schedule 2 and on Schedule 3, on the basis each is misclassified and must be modified. Within Schedule 3, when describing the asserted amounts of Claim 166-353, Claim 168-19, and Claim 168-138, the Debtors use the asserted amounts as they

8

are being reclassified within Schedule 2. The asserted amounts of Claim 166-353, Claim 168-19, and Claim 168-138, are being reclassified as described within Schedule 2; now, within Schedule 3, the Debtors seek to modify the asserted amounts as reclassified by Schedule 2.

**E. No Liability Claims**

28. The Debtors believe the Disputed Claims identified on Schedule 4 to the Proposed Order (the "**No Liability Claims**") relate to filed claims which have been paid in full, will be paid in full, or relate to claims, which are included within and duplicative of other claims and the Debtors believe there is no outstanding liability. The Debtors reviewed the Debtors' books and records, the court docket, and claims register and determined the Debtors cannot be liable for the claims that have been satisfied in full in the ordinary course of business or that will be paid in full upon the cure payment related to the assumption and assignment of a store lease. Further, the Debtors reviewed the Debtors' books and records, the court docket, and claims register and determined the Debtors cannot be liable for the claims that are included within and are duplicative of other claims; the Debtors have no liability on account of these claims.

29. Two claims, Claim 168-93 and Claim 166-503, which are both included on Schedule 2 and Schedule 4, are objected to on the basis each is misclassified and must also be disallowed. The asserted amounts of Claim 168-93 and Claim 166-503 are reclassified within Schedule 2; now, within Schedule 4, the reclassified asserted amounts are being disallowed. Therefore, the No Liability Claims must be expunged as set forth on Schedule 4 to the Proposed Order.

30. Failure to expunge the No Liability Claims could result in the relevant Disputed Claims receiving a better recovery than other similarly situated creditors, when such recovery is not supported. Therefore, the Debtors object to the No Liability Claims and seek their

9

expungement for the reasons stated on Schedule 4 to the Proposed Order.

31. The Debtors have met their burden in refuting the legal sufficiency of the Disputed Claims and have demonstrated that (a) the Amended or Superseded Claims should be disallowed and expunged as indicated on Schedule 1; (b) the Misclassified Claims should be reclassified as indicated on Schedule 2; (c) the Modified Claims should be modified as indicated on Schedule 3; and (d) the No Liability Claims should be expunged as indicated on Schedule 4.

## NOTICE

32. Notice of the hearing on this Tenth Objection or will be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) all holders of the Disputed Claims identified on Schedule 1, Schedule 2, Schedule 3, and Schedule 4 to the Proposed Order; (iii) counsel to the Prepetition Secured Lender; (iv) counsel for the Committee; and (v) all parties who have requested notice pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit, under the circumstances, no other or further notice is necessary.

## RESERVATION OF RIGHTS

33. By this Tenth Objection, the Debtors object to the Disputed Claims listed on Schedule 1, Schedule 2, Schedule 3, and Schedule 4 to the Proposed Order for the specific reasons cited herein. Debtors reserve the right to amend, modify or supplement the Tenth Objection, and to file additional objections to any Claims (filed or not) against the Debtors' estates. Moreover, should one or more of the bases for objection stated in the Tenth Objection be overruled, or otherwise not sustained, the Debtors reserve the right to object to the Disputed Claims on any other grounds.

## RESPONSES TO OBJECTIONS

34. Filing and Service of Responses. To contest an objection to its Claim under this

10

75490839.2

Tenth Objection, a claimant must file with the Court, and serve so that it is actually received by the undersigned counsel, a written response (the "**Response**") on or before **December 7, 2020 at 4:00 p.m. (ET)**.

35. <u>Contents of Responses</u>. Every Response must contain at a minimum the following:

      a. A caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of this Tenth Objection;

      b. The name of the claimant and a description of the basis for the amount of the Claim;

      c. A concise statement setting forth the reasons why the Claim should not be modified, reduced or disallowed and expunged for the reasons set forth in the Tenth Objection, including, but not limited to, the specific factual and legal basis upon which the claimant will rely in opposing the Tenth Objection;

      d. All documentation or other evidence of the Claim, to the extent not included with the Claim previously filed with the Bankruptcy Court, upon which the claimant will rely in opposing the Tenth Objection at the hearing;

      e. The address(es) to which the Debtors must return any reply to the Response; and

      f. The name, address, and telephone number of the person (which may be the claimant or his or her legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim on behalf of the claimant.

75490839.2

36. <u>Timely Response Filed</u>. If a claimant fails to file and serve a timely Response, the Debtors will present to the Court an appropriate order affecting the Disputed Claims listed in the exhibits to the Proposed Order without further notice to the claimant or a hearing.

37. <u>Service Address</u>. If a Response contains an address for a claimant different from that stated on the Disputed Claim, the address in the Response shall constitute the service address for future service of papers upon that claimant until the Debtors receive written notice from the claimant or the claimant's counsel of a changed service address.

## SEPARATE CONTESTED MATTERS

38. To the extent a Response is filed regarding any claim listed in this Tenth Objection and the Debtors are unable to resolve the Response, the objection by the Debtors to such claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted herein shall be deemed a separate order with respect to each claim subject thereto.

## CERTIFICATION AND COMPLIANCE WITH LOCAL BANKRUPTCY RULE 3007-1

39. The undersigned has reviewed the requirements of Local Bankruptcy Rule 3007-1 and believes that this Tenth Objection is in compliance therewith. To the extent this Tenth Objection does not comply in all respects with the requirements of Local Bankruptcy Rule 3007-1, the Debtors believe such deviations are not material and respectfully request that any such requirement be waived.

## CONCLUSION

40. The Debtors respectfully request the Court enter an order disallowing, reclassifying, modifying, or expunging the Disputed Claims, as the case may be, and granting such other and further relief as this Court deems just and proper.

75490839.2

Dated: November 13, 2020
      Wilmington, Delaware      **POLSINELLI PC**

      */s/ Christopher A. Ward*
      Christopher A. Ward (Del. Bar No. 3877)
      Brenna A. Dolphin (Del. Bar No. 5604)
      222 Delaware Avenue, Suite 1101
      Wilmington, Delaware 19801
      Telephone: (302) 252-0920
      Facsimile: (302) 252-0921
      cward@polsinelli.com
      bdolphin@polsinelli.com

      -and-

      Liz Boydston (Admitted *Pro Hac Vice*)
      2950 N. Harwood, Suite 2100
      Dallas, TX 75201
      Telephone: (214) 661-5557
      lboydston@polsinelli.com

      *Counsel to the Debtors and*
      *Debtors in Possession*

75490839.2